[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2003
THOMAS  K. KAHN
CLERK

No. 02-15627

D. C. Docket No. 02-20342 CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN PANFIL,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(July 25, 2003)**

Before ANDERSON, COX and MAGILL*, Circuit Judges.

PER CURIAM:

---

* Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Brian Panfil appeals his conviction and sentence for using the internet to persuade a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422. Panfil challenges the constitutionality of the statute, arguing that § 2422(b) is overbroad and vague. Panfil also contests the district court's application of § 2A3.2 of the Sentencing Guidelines to calculate his sentence. We affirm.

## I. BACKGROUND & PROCEDURAL HISTORY[1]

On April 1, 2002, United States Secret Service Special Agent Timothy Devine logged onto the Yahoo Internet Relay Chatroom, an instrument of interstate commerce, under the screen name "Hialeahnina13." Brian Panfil, who had logged into the same chat room under the screen name "Freeoralslave," contacted Hialeahnina13 via private message. After Hialeahnina13 identified herself as a 13-year-old female, Panfil then initiated sexually explicit chat conversation, asking Hialeahnina13 to meet him to engage in sexual activity. Specifically, Panfil offered to furnish oral sex, telling Hialeahnina13 that oral sex would "relax you" and "make u feel good." (R.2-83 at ¶ 3).

Panfil and Hialeahnina13 then agreed to meet the next evening at 10:00 p.m. in a parking lot behind a local grocery store. Panfil encouraged Hialeahnina13 to get a good night's sleep, telling her, via email, "you will have some powerful orgasms

---

[1] We draw the background from the stipulated facts.

tomorrow." (R.2-83 at ¶ 4). Panfil indicated that he would be driving a red car, and Hialeahnina13 said that she would be wearing a white shirt and a black cap.

On April 2, 2002, Panfil contacted Hialeahnina13 both through the Internet on the Yahoo chat room and through private emails to confirm the meeting time and place. That evening, a female undercover agent, posing as Hialeahnina13, positioned herself behind the grocery store. At 10:55 p.m., a red car pulled into a parking space near the undercover agent. Panfil, the driver of the red car, was arrested and given his *Miranda* warnings. Panfil initialed copies of the chat text and private emails to Hialeahnina13, and stated that he initiated a sexually explicit conversation with Hialeahnina13. Panfil also stated that there was nothing in the electronic conversations to indicate that Hialeahnina13 was anyone other than a 13-year-old girl.

Panfil pleaded guilty to a violation of 18 U.S.C. § 2422(b). The district court sentenced Panfil to 33 months' imprisonment, accepting the Presentence Investigation Report's ("PSI's") recommendation that § 2A3.2 was the proper Sentencing Guideline under which to calculate Panfil's sentence. Panfil appeals.

## II. ISSUES ON APPEAL

Panfil presents two issues on appeal: (1) whether 18 U.S.C. § 2422 is unconstitutionally overbroad or vague; and (2) whether the district court erred in applying USSG § 2A3.4 to calculate his sentence.

3

## III. STANDARD OF REVIEW

We review de novo the constitutionality of the challenged statute. *United States v. Tinoco*, 304 F.3d 1088, 1099 (11th Cir. 2002). We also review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. McClain*, 252 F.3d 1279, 1284 (11th Cir. 2001).

## IV. DISCUSSION

Panfil contends that §2422(b) is unconstitutionally overbroad and vague. We address these arguments in Part A. Panfil also objects to his sentence, arguing that the district court erred in applying USSG § 2A3.2 instead of § 2A3.4. We address his objections in Part B.

### A. *Overbreadth and Vagueness*

Title 18 U.S.C. § 2422 (b) states,

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.[2]

---

[2] The district court found that Panfil had violated Fla. Stat. § 800.04(4) and (6). (R.3 at 10.) Section 800.04(4) provides that "[a] person who: (a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age . . . commits lewd or lascivious battery, a felony of the second degree . . . ." Fla. Stat. § 800.04(4). Section 800.04(6) provides that "[a] person who . . . [s]olicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or

4

18 U.S.C. § 2422(b). Panfil contends that § 2422(b) is both overbroad and vague.

Focusing first on the terms "entice"and "induce," Panfil argues that because those terms are not defined internally or by cross-reference, § 2422(b) has a chilling effect on those who wish to engage in legitimate speech with minors on sexual topics. In support, Panfil cites *Reno v. ACLU*, 521 U.S. 844, 117 S. Ct. 2329 (1997), in which the Supreme Court invalidated provisions of the Communications Decency Act ("CDA"), 47 U.S.C. §§ 223 *et seq*. In *Reno*, the Court ruled that the CDA "effectively suppresses a large amount of speech that adults have a constitutional right to receive and to address to one another." 521 U.S. at 874, 117 S. Ct. 2346. The *Reno* Court expressed concern that the CDA might prohibit a parent from sending contraceptive information over the internet to his 17-year-old college freshman. *Id.* at 878, 117 S. Ct. 2348. Similarly, Panfil observes that a parent who uses the internet to advise an underage son or daughter on the merits of birth control could implicate the statute by *inducing* or *enticing* her child to engage in sexual activity.

Panfil's reliance on *Reno* is misplaced. In ruling that the CDA was overbroad, the *Reno* Court focused on the terms "indecent" and "patently offensive," contained respectively in 47 U.S.C. § 223(a)(B)(ii) and § 223(d)(1)(B). 521 U.S. at 877, 117

---

lascivious conduct." Fla. Stat. § 800.04(6). Section 800.04(1) defines sexual activity as "the oral, anal, or vaginal penetration by, or union with, the sexual organ of another . . . ." Fla Stat. § 800.04(1).

S. Ct. 2347. The CDA failed to define these general terms, sweeping within its ambit "nonpornographic material with serious educational or other value." *Id.*

Section 2242(b) suffers from no such constitutional infirmity. *See United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000). The words "entice" and "induce" are not ambiguous or subject to varying standards, as were the terms that were used in the CDA. Indeed, the language of § 2422(b) is clear.[3]

Panfil also contends that § 2242(b) is void for vagueness. Panfil argues that the same failure to define "entice" and "induce," as well as "sexual activity for which any person can be charged with a criminal offense" leaves ordinary citizens to guess at what communications would constitute illegal enticement or inducement. This contention is without merit because the terms cited by Panfil have plain and ordinary meanings.

Furthermore, the statute ensures that only those who "knowingly" engage in the illegal conduct are subject to prosecution. This scienter requirement discourages "unscrupulous enforcement" and clarifies § 2422(b). *See United States v. Acheson,* 195 F.3d 645, 652 (11th Cir. 1999); *Bailey*, 228 F.3d at 639.

---

[3]     Even if the terms were not plainly clear, Panfil's particularized example falls short of the standards required to demonstrate that the statute is overbroad. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, ___, 122 S. Ct. 1389, 1399 (2002) (stating that a statute is unconstitutional on its face if it prohibits a substantial amount of protected expression); *Horton v. City of St. Augustine*, 272 F.3d 1318, 1332 (11th Cir. 2001).

We conclude that § 2422(b) is not unconstitutionally overbroad or vague.

B. *Sentencing Guidelines*

The district court accepted the recommendation in the PSI and computed Panfil's sentence under United States Sentencing Commission, *Guidelines Manual*, § 2A3.2 (Nov. 2001). Panfil objects, contending that the district court erred in applying § 2A3.2 because his conduct did not fall within § 2A3.2's parameters. Instead, Panfil argues, § 2A3.4 is applicable.

To properly interpret the Sentencing Guidelines, we begin with the language of the Guidelines, *see Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S. Ct. 755, 760 (1999), considering both the Guidelines and the commentary. *United States v. Ferreira*, 275 F.3d 1020, 1029 (11th Cir. 2001); *see also United States v. Maria*, 186 F.3d 65, 70 (2d Cir. 1999) ("The Sentencing Guidelines . . . are to be construed as if they were a statute, giving the words used their common meaning, *absent a clearly expressed manifestation of contrary intent.*") (quotations and citations omitted).

When a defendant is convicted under 18 U.S.C. § 2422, sentencing under § 2G1.1 is appropriate. USSG App. A. The parties agree that § 2G1.1(c)(3) (Promoting Prostitution or Prohibited Sexual Conduct) is the governing Guideline provision. Section 2G1.1(c)(3) states,

If the offense did not involve promoting prostitution, and neither subsection (c)(1) nor (c)(2) is applicable, apply § 2A3.2 (Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years (Statutory Rape) or Attempt to Commit Such Acts) or § 2A3.4 (Abusive Sexual Contact or Attempt to Commit Abusive Sexual Contact), as appropriate.

USSG § 2G1.1.

Looking at the titles of the cross referenced sections to see which is more appropriate, we conclude that the district court properly selected Guideline § 2A3.2 ("Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years (Statutory Rape) or Attempt to Commit Such Acts"). Section 2A3.2 states,

(a) Base Offense Level:

    (1)   **24**, if the offense involved (A) a violation of chapter 117 of title 18, United States Code; and (B)(i) the commission of a sexual act; or (ii) sexual contact;

    (2)   **21**, if the offense (A) involved a violation of chapter 117 of title 18, United States Code; but did not involve (i) the commission of a sexual act; or (ii) sexual contact; or

    (3)   **18**, otherwise.

USSG § 2A3.2(a). We find that § 2A3.2(a)(2) explicitly controls, because § 2422 is contained in chapter 117 of title 18 and Panfil did not actually commit a sexual act nor did he sexually contact the victim.

But the crucial inquiry is whether Panfil's conduct consisted of an attempted "sexual act" or attempted "sexual contact." Section 2A3.2 defines the terms "sexual

act" and "sexual contact" in Commentary Note 1 by cross-reference to 18 U.S.C. § 2246(2) and (3). Sexual act means "(B) contact between . . . the mouth and the vulva . . . (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246 (2). Sexual contact means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246 (3).

Looking to these definitions, we find that Panfil's attempt to have oral sex with a 13-year-old girl was an attempted "sexual act" and not merely attempted "sexual contact." Since § 2A3.2 unambiguously differentiates between a sexual act and sexual contact, our analysis of § 2A3.2 ends with the Guideline's plain language. *See Coggin Auto. Corp. v. Comm'r of Internal Revenue*, 292 F.3d 1326, 1332 (11th Cir. 2002).

Having found that § 2A3.2 applies to Panfil's conduct, we consider § 2A3.4 ("Abusive Sexual Contact or Attempt to Commit Abusive Sexual Contact") only to see if the plain language there could apply to Panfil's conduct as well, presenting the district court with a conflict. Section 2A3.4 defines abusive sexual contact in the

negative, stating in the background commentary that "[t]his section covers abusive sexual contact not amounting to criminal sexual abuse . . . ." USSG § 2A3.4, comment. (backg'd.) Section 2A3.4(c)(2) also states, "[i]f the offense involved criminal sexual abuse of a minor or attempt to commit criminal sexual abuse of a minor (as defined in 18 U.S.C. § 2243(a))[4], apply § 2A3.2 . . . if the resulting offense is greater than that determined above." USSG § 2A3.4(c)(2). Section 2243(a) contains the language "sexual act," and the definition of sexual act in § 2246(2) applies to § 2243. Since § 2A3.4 excludes any conduct that is a "sexual act," we do not find any language in § 2A3.4[5] that would place it in conflict with § 2A3.2.

Panfil raises an argument derived from § 2A3.2's background. The background states, in relevant part, that this section "applies to cases, prosecuted under 18 U.S.C. § 2243(a) or chapter 117 of title 18, United States Code, in which a participant took active measure(s) to unduly influence the victim to engage in prohibited sexual conduct and, thus, the voluntariness of the victim's behavior was compromised." USSG § 2A3.2, comment. (backg'd). Panfil contends that § 2A3.2 is the incorrect guideline because he did not take measures to unduly influence the victim.

---

[4]     18 U.S.C. 2243 is titled "Sexual Abuse of a minor or ward."

[5]     While § 2A3.4(b)(6) refers to offenses under chapter 117 of title 18, the reference is not within the base level offenses, but rather in the specific offense characteristics.

In § 2A3.2, "victim" is a term of art, defined in Commentary Note 1 to include either "an individual who . . . had not attained the age of 16 years" or "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 16 years." USSG § 2A3.2, comment. (n.1). In this case, the victim was an adult, male, Secret Service Agent, whose voluntariness certainly was not compromised by Panfil's chat and email suggestions. Following the facts of this case to their logical conclusion, § 2A3.2 and the background notes arguably conflict where the "victim" is an undercover law enforcement officer and the perpetrator does not actually "unduly influence" the victim.

In *United States v. Root,* 296 F.3d 1222 (11th Cir. 2002), we addressed the meaning of "unduly influence" in the context of § 2A3.2(b)(2)(B), which provides for a two-level increase if "a participant otherwise unduly influenced the victim to engage in prohibited sexual conduct." USSG § 2A3.2(b)(2)(B). In *Root*, we held that a district court should focus on the *offender's* conduct where the "victim" is a law enforcement officer. *Id.* at 1234. And in assessing whether the conduct constitutes undue influence, the district court may look to a variety of factors, including whether the defendant "displays an abuse of superior knowledge, influence and resources." *Id.*

11

While an enhancement under § 2A3.2(b)(2)(B) is not at issue in this case (because Panfil was not given an enhancement under this section), the district court could properly have considered Panfil's conduct, *in toto*, to find that Panfil unduly influenced the victim. The district court properly applied § 2A3.2 to compute Panfil's sentence. Thus, we find no error in the district court's application of the Guidelines.

## V.  CONCLUSION

We hold that 18 U.S.C. § 2422 is not unconstitutionally overbroad or vague and we also hold that the district court did not err in applying USSG § 2A3.2 to compute Panfil's sentence.

AFFIRMED.