[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14825
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 12, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20040-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES ROJAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 12, 2005)

Before BLACK, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Andres Rojas appeals his conviction for using a facility of interstate commerce to entice a person under 18 years of age to engage in criminal sexual contact, in violation of 18 U.S.C. § 2422(b). Rojas asserts 18 U.S.C. § 2422(b) is unconstitutionally void for vagueness, because: (1) it fails to clearly define the proscribed conduct; (2) multiple uses of the word "any" cause the statute to be ambiguous; and (3) the statute implies the requirement the offense involves some form of transportation in interstate commerce. Rojas also contends the district court abused its discretion by permitting the Government to introduce, pursuant to Federal Rule of Evidence 404(b), uncharged "bad" acts such as conversations Rojas had with another under-aged female Internet user. The district court did not err, and we affirm Rojas's conviction.

## I. DISCUSSION

A.     *18 U.S.C. § 2422(b)*

The interpretation of the constitutionality of § 2422(b) is a question of law subject to de novo review. *See United States v. Panfil*, 338 F.3d 1299, 1300 (11th Cir. 2003). Section 2422(b) provides in relevant part as follows:

> Whoever, using . . . any facility or means of interstate . . . commerce, . . . knowingly persuades, induces, entices, or coerces *any* individual who has not attained the age of 18 years, to engage in . . . *any* sexual activity for which *any* person can be charged with a criminal offense, or attempts to do so, shall be . . . imprisoned not less than 5 years and not more than 30 years.

2

18 U.S.C. § 2422(b) (emphasis added). "The void-for-vagueness doctrine requires that a penal statute 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *United States v. Marte*, 356 F.3d 1336, 1342 (11th Cir. 2004) (citation omitted).

We recently held 18 U.S.C. § 2422(b) was not unconstitutionally overbroad or vague. *Panfil*, 338 F.3d at 1301. In *Panfil*, the defendant, like Rojas, used the Internet to persuade an agent, who was posing as a 13-year-old girl, to meet him to engage in sexual activity. *Id.* at 1300. The defendant in *Panfil* asserted 18 U.S.C. § 2422(b) was unconstitutionally overbroad and vague by relying on *Reno v. ACLU*, 117 S. Ct. 2329 (1997), in which the Supreme Court invalidated provisions of the Communications Decency Act (CDA), 47 U.S.C. §§ 223 *et seq. Panfil*, 338 F.3d at 1301. In *Reno*, the Supreme Court ruled because the CDA "effectively suppresse[d] a large amount of speech that adults have a constitutional right to receive and to address to one another," the CDA might prohibit a parent from sending contraceptive information over the internet to his teenager. *Reno*, 117 S. Ct. at 2346–48. In ruling the CDA was overbroad, the Supreme Court focused on the terms "indecent" and "patently offensive," which the Court found were not

3

specifically defined so that such terms encompassed material with serious educational and other value. *Reno*, 117 S. Ct. at 2347.

Similarly, the defendant in *Panfil* contended because the terms "entice" and "induce" used in 18 U.S.C. § 2422(b) were not defined internally or by cross-reference, the statute had a chilling effect on those who wish to engage in legitimate speech with minors on sexual topics. *Panfil*, 338 F.3d at 1301. However, we held § 2422(b) did not suffer from the same constitutional infirmity as the CDA because in § 2422(b) "[t]he words 'entice' and 'induce' [were] not ambiguous or subject to varying standards." *Id.*

The defendant in *Panfil* also asserted 18 U.S.C. § 2422(b) was void for vagueness. He argued "the same failure to define 'entice' and 'induce,' as well as 'sexual activity for which any person can be charged with a criminal offense' le[ft] ordinary citizens to guess at what communications would constitute illegal enticement or inducement." *Id.* In response, we held the terms cited by the defendant in *Panfil* had plain and ordinary meaning and the statute discouraged unscrupulous enforcement by ensuring "that only those who 'knowingly' engage[d] in the illegal conduct are subject to prosecution." *Id.*

Section 2422(b) is not unconstitutionally vague. The statute clearly states the proscribed conduct, as admitted to by Rojas, as using a facility of interstate

4

commerce to entice a person under 18 years of age to engage in criminal sexual contact. Regarding the interstate commerce requirement, Rojas stipulated and agreed that the "Internet is a facility or means of interstate and foreign commerce." The multiple uses of the word "any" within 18 U.S.C. § 2422(b) do not render the statute unconstitutionally vague. Even though the *Panfil* defendant focused on the words "entice" and "induce" in arguing the statute was unconstitutionally vague, we dismissed the defendant's argument by holding the phrase "sexual activity for which any person can be charged with a criminal offense" discourages unscrupulous enforcement by ensuring "only those who 'knowingly' engage[d] in the illegal conduct are subject to prosecution." *See Panfil*, 338 F.3d at 1301. At trial, Rojas stated he recognized the boundaries of the law regarding the legality of oral sex between him and a 13-year-old girl. *See Marte*, 356 F.3d at 1342. Moreover, Rojas acknowledged having sex with a minor is illegal. The uses of "any" in the statute define the criminal offense with sufficient definiteness by stating who is subject to the statute and what conduct is prohibited. *See Panfil*, 338 F.3d at 1301. The manner in which the other uses of "any" are used does not encourage arbitrary and discriminatory enforcement since the statute applies only to those who "knowingly" engage in the illegal conduct. *See id.*

B.    *Rule 404(b)*

We review the district court's rulings on admission of evidence for an abuse

of discretion. *United States v. Henderson*, 409 F.3d 1293, 1297 (11th Cir. 2005).

Federal Rule of Evidence 404(b) "is a rule of inclusion, and . . . accordingly 404(b)

evidence, like other relevant evidence, should not be excluded when it is central to

the prosecution's case." *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir.

2003) (internal citations and quotations omitted).  The rule states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove
> the character of a person in order to show action in conformity
> therewith. It may, however, be admissible for other purposes, such as
> proof of motive, opportunity, intent, preparation, plan, knowledge,
> identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).  We have established that, to be admissible:  (1) Rule 404(b)

evidence must be relevant to an issue other than the defendant's character; (2) the

prior act must be proved sufficiently to permit a jury determination the defendant

committed the act; and (3) the evidence's probative value cannot be substantially

outweighed by its undue prejudice, and it must satisfy Rule 403.[1] *Jernigan*, 341

F.3d at 1280.

---

[1]  Federal Rule of Evidence 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Regarding the first prong, similarity of extrinsic acts to the offenses with which the defendant is charged is the standard by which relevancy is measured under 404(b). *United States v. Williams*, 816 F.2d 1527, 1531 (11th Cir. 1987). Regarding the third prong, we have stated, "the probative value of the evidence must not be *substantially outweighed* by unfair prejudice. . . . [T]his determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Jernigan*, 341 F.3d at 1282 (internal citations and quotations omitted) (emphasis in original).

The district court did not abuse its discretion in admitting evidence of Rojas's chats with another under-aged Internet user, mariamiagirl. The evidence was relevant to show Rojas's intent to engage in sexual activity with an under-aged girl since, as admitted by Rojas, he knew at the time that mariamiagirl was 14 years old, and he had asked mariamiagirl some of the same sexuall- explicit questions that he had asked lisa_n_miami. *See Jernigan*, 341 F.3d at 1280. Moreover, the evidence, as a prior act, was sufficiently proved to permit a jury determination that Rojas communicated with mariamiagirl in the same way and manner he communicated with lisa_n_miami since the Agent acting as mariamiagirl testified

7

to the communication with Rojas, the Agent presented printouts of his communication with Rojas, and Rojas admitted to asking mariamiagirl some of the same sexually explicit questions he had asked lisa_n_miami. *See Jernigan*, 341 F.3d at 1280. Lastly, the evidence's probative value was not substantially outweighed by its undue prejudice since the evidence was similar to Rojas's illegal conduct with lisa_n_miami, and since Rojas stated in his defense he was not looking for under-aged girls on the Internet, was not picturing an under-aged girl in his head, and had no intention of engaging in sexual conduct with an under-aged girl. Thus, the evidence was needed by the prosecution to show Rojas's intent to have sexual contact with under-aged girls. *See Jernigan*, 341 F.3d at 1280–82.

## II. CONCLUSION

We conclude 18 U.S.C. § 2422(b) is not unconstitutionally void for vagueness. Additionally, the district court did not err in admitting as evidence conversations Rojas had with another under-aged female Internet user.

AFFIRMED.