UNITED STATES of America, Plaintiff–Appellee,

v.

**Steven QUINN, Defendant–Appellant.**

**No. 06–30571.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed July 18, 2007.

Marcia Good Hurd, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., FDMT–Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: REINHARDT, HALL, and M. SMITH, Circuit Judges.

MEMORANDUM *

Steven Quinn appeals the sentence imposed following his guilty plea to one count of transportation of a minor in violation of 18 U.S.C. § 2423(a). We affirm. Because the parties are familiar with the facts, we do not recite them here.

Quinn claims that his five-year mandatory minimum sentence violated the principles of federalism because the statute incorporated a state misdemeanor offense whose maximum punishment was only nine

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

months. We reject this argument. Congress does not violate the Tenth Amendment by incorporating state laws into a federal statute. *United States v. Dhingra,* 371 F.3d 557, 564 (9th Cir.2004). Such incorporation "does not supplant state crimes, but instead identifies the type of conduct that serves as a predicate to prosecution." *Id.* Section 2423 punishes conduct beyond that encompassed by Wisconsin's statute, namely the transportation of a minor across state lines to commit the underlying offense. Quinn does not, and could not, argue that Congress lacked the power to do so. *United States v. Tykarsky,* 446 F.3d 458, 470 (3d Cir.2006). Quinn's reverse-preemption argument is unavailing: even where a state government has acted, Congress retains the right to vindicate the federal government's interests separately, and its decision to do so does not infringe upon the state's ability to prosecute criminal sexual conduct under state law. *See Heath v. Alabama,* 474 U.S. 82, 93, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); *Dhingra,* 371 F.3d at 564.

We also reject Quinn's argument that the mandatory minimum provision violates due process because it is unconstitutionally vague. The phrase "any sexual activity for which any person can be charged with a criminal offense" has a plain and ordinary meaning. *United States v. Panfil,* 338 F.3d 1299, 1301 (11th Cir.2003). Neither the statute's plain language nor its context give a person of ordinary intelligence reason to believe that the phrase "any sexual activity" excludes the misdemeanor conduct here. *See United States v. E.C. Investments, Inc.,* 77 F.3d 327, 331–32 (9th Cir.1996).

Finally, we hold that Quinn's five year sentence does not violate the Eighth

Amendment. A comparison of the gravity of Quinn's offense to the harshness of the penalty imposed does not "raise an inference of gross disproportionality." *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507–08 (9th Cir.1994).

AFFIRMED.