

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# USA v. Wagemann

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1350

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wagemann" (2008). *2008 Decisions.* Paper 1177.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1177

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1350

UNITED STATES OF AMERICA

v.

MARK WAGEMANN,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 06-cr-104
(Honorable Ronald L. Buckwalter)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2008

Before: McKEE and GARTH, *Circuit Judges*, and RODRIGUEZ, *District Judge*[*]

(Filed: May 21, 2008 )

OPINION OF THE COURT

---

[*]The Honorable Joseph H. Rodriguez, Senior District Judge for the United States
District Court, District of New Jersey, sitting by designation.

RODRIGUEZ, *District Judge*.

Defendant Mark Wagemann appeals his conviction and judgment of sentence. We have jurisdiction over the case pursuant to 28 U.S.C. § 1291. Wagemann's attorney has filed a motion to withdraw as counsel and has submitted a brief under *Anders v. California*, 386 U.S. 738 (1967). Wagemann did not file a *pro se* brief. We will affirm.

I.

Beginning on November 2, 2005 and continuing until his December 16, 2005 arrest, from his home in Missouri, Wagemann corresponded via computer with an undercover FBI agent posing as a fourteen year old girl from Philadelphia. Using instant messaging, e-mail, and telephone, he arranged to meet the female individual for sex. Wagemann was arrested in Philadelphia and held without bail. He was indicted on March 9, 2006, charged with using interstate communications to seduce a minor in violation of 18 U.S.C. § 2422(b) and with travel and attempt to travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). Facing a maximum sentence of sixty years imprisonment, Wagemann pled guilty to both counts of the indictment without a plea agreement on May 31, 2006. Although Wagemann's guideline range was calculated at 46-57 months,[1] he was sentenced to sixty months, the mandatory minimum term of

---

[1]Wagemann's counsel did not move for departure or variance from the calculated guidelines, nor was a motion ever filed attacking the constitutionality of the statutes charged in the indictment or the mandatory minimum penalty provided by statute.

imprisonment provided by 18 U.S.C. § 2422(b), as well as five years of supervised

release, a fine of $10,000 and a special assessment of $200.

## II.

Third Circuit Local Appellate Rule 109.2(a) provides: "[w]here, upon review of

the district court record, trial counsel is persuaded that the appeal presents no issue of

even arguable merit, trial counsel may file a motion to withdraw and supporting brief

pursuant to *Anders v. California . . . .*" Our inquiry when counsel submits an *Anders* brief

is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2)

whether an independent review of the record presents any nonfrivolous issues."[2] *United*

*States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In the *Anders* brief, Appellant

contends that the mandatory minimum sentence of sixty months required by 18 U.S.C. §

2422(b) is unconstitutional.

In *United States v. Kellum*, we rejected the argument that a district court has

authority under 18 U.S.C. § 3553(a) to impose a sentence below the statutory minimum

even if it believes the statutory minimum is greater than necessary to achieve the goals of

sentencing. 356 F.3d 285, 289 (3d Cir. 2004). The two narrow exceptions in 18 U.S.C. §

---

[2] "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "An appeal on a matter of law is frivolous where none of the legal points are arguable on their merits." *Id.* at 301.

3553(e) and (f) are "the only authority a district court has to depart below a mandatory minimum sentence . . . ." *Id.* Neither is applicable here.

We are guided further by the requirement that we grant "substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes," *United States v. Walker*, 473 F.3d 71, 76 (3d Cir. 2007). In addition, we have "squarely addressed and rejected the argument that mandatory sentences violate the doctrine of separation of powers and the Due Process Clause." *Id.* (citing *United States v. MacEwan*, 445 F.3d 237 (3d Cir. 2006)).

Other circuits specifically have found that the minimum sentence mandated by section 2422(b) does not violate the separation of powers doctrine. *See, e.g., United States v. Gagliardi*, 506 F.3d 140, 148 (2d Cir. 2007). Nor is 18 U.S.C. § 2242(b) unconstitutionally vague or overbroad. *Id.*; *United States v. Tykarsky*, 446 F.3d 458, 472-73 (3d Cir. 2006) (also finding 18 U.S.C. § 2422(b) constitutional in face of Commerce Clause challenge); *United States v. Thomas*, 410 F.3d 1235, 1244 (10th Cir. 2005); *United States v. Dhingra*, 371 F.3d 557, 563 (9th Cir. 2004); *United States v. Panfil*, 338 F.3d 1299, 1301 (11th Cir. 2003); *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000).

In addition, Wagemann's Due Process challenge is without merit. Through the Presentence Report and the applicable statute, Wagemann had notice of both the factual predicate and the potential punishment of his crime. At the time, 18 U.S.C. § 2422(b)

4

provided for a "fine . . . and imprison[ment of] not less than 5 years and not more than 30 years." 18 U.S.C. § 2242(b)(2006).[3] *See also United States v. Ausburn*, 502 F.3d 313 (3d Cir. 2007) (rejecting a due process challenge to a 144-month sentence for violation of 18 U.S.C. § 2422(b), but vacating and remanding because the district court did not provide a statement of reasons sufficient for circuit to review for reasonableness).

Finally, the mandatory sentence imposed is not grossly disproportionate to the gravity of Wagemann's offenses so as to bring it within the purview of the Eighth Amendment's proportionality principle. *See United States v. Munro*, 394 F.3d 865, 873 (10th Cir. 2005) (considering the seriousness of attempted sexual abuse of a child, five-year mandatory minimum sentence for using the Internet in attempt to persuade minor to engage in sexual acts is not so grossly disproportionate to the crime as to constitute "cruel and unusual punishment," even for first offense). Our review of the record reveals, as Appellant's counsel contends, there are no non-frivolous issues. We therefore affirm the conviction and judgment of sentence. Defense counsel's motion to withdraw is granted.

---

[3]The statute has since been amended to provide a mandatory minimum sentence of ten years and a maximum sentence of life. *See* Adam Walsh Child Protection Safety Act of 2006, Pub.L. No. 109-248, § 203, 120 Stat. 587, 613 (July 27, 2006).