[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10313
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80082-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY JAY GOLDBERG,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 20, 2014)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Jay Goldberg appeals his below-guideline, 156-month sentence, imposed after he pleaded guilty to one count of enticing a minor to engage in sexual activity.  Goldberg argues that the district court erred in applying a two-level sentence enhancement for unduly influencing a minor to engage in prohibited sexual conduct.  After careful consideration, we affirm.

I.

We review a district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error.  United States v. Bane, 720 F.3d 818, 824 (11th Cir. 2013).  For a finding to be clearly erroneous, we "must be left with a definite and firm conviction that a mistake has been committed."  United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010) (citation omitted).

United States Sentencing Guideline 2G1.3(b)(2)(B) requires a two-level enhancement if the district court finds that the defendant "unduly influenced a minor to engage in prohibited sexual conduct."  In determining whether to apply the enhancement, the district court "should closely consider the facts of the case to determine whether [the defendant's] influence over the minor compromised the voluntariness of the minor's behavior."  USSG § 2G1.3, comment. n.3(B).  To assess whether the defendant's conduct constitutes undue influence, "the district court may look to a variety of factors, including whether the defendant displays an

2

abuse of superior knowledge, influence and resources." United States v. Panfil, 338 F.3d 1299, 1303 (11th Cir. 2003) (per curiam) (citation omitted).[1]  A rebuttable presumption of undue influence applies where, as here, the defendant is at least ten years older than the minor victim.  USSG § 2G1.3, comment. n.3(B).

## II.

Goldberg pleaded guilty to enticing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).  According to the unchallenged factual basis of his plea, Goldberg sent a text message to MW, aged fifteen, saying "Let's play," with a smiley face; he also sent a photo of fanned-out United States currency to MW, accompanied by a message asking "Can you and me hang out?"  The same day, he picked up MW and her friend JS, aged seventeen, and drove them to his office, where he gave them alcohol and one hundred dollars each to allow him to take sexually explicit pictures of them.  He then drove them to a nearby gas station, where he performed oral sex on MW in the gas-station bathroom.

According to the Presentence Investigation Report, Goldberg also communicated via text message with JS.  JS asked him for money and cigarettes,

[1] In Panfil we discussed the factors a district court may evaluate when considering whether to enhance a defendant's sentence under USSG § 2A3.2(b)(2)(B)(ii).  See Panfil, 338 F.3d at 1303. That section, which is not the one at issue here, applies to a different sex crime against minors, but it has an identical threshold requirement: the defendant must have "unduly influenced the minor to engage in prohibited sexual conduct."  USSG § 2A3.2(b)(2)(B)(ii); see also USSG § 2G1.3(b)(2)(B) (requiring that the defendant "unduly influenced a minor to engage in prohibited sexual conduct").  Therefore, we have "previously held that our interpretation of the undue influence enhancement under [the former section] applie[s] to [the latter]."  United States v. Jerchower, 631 F.3d 1181, 1186 n.2 (11th Cir. 2011).

and in response he asked for pictures of her, which she sent.  JS reported that on other occasions, Goldberg drove her places and gave her money.  On one such occasion, while she was in the front seat of his car, Goldberg asked her to pull down her pants so he could take a picture of her genital area.  On this evidence, the probation officer determined that the undue-influence enhancement applied.

Goldberg objected.  Though he "acknowledge[d] some degree of influence based on the age difference between him and M.W. and J.S.," and admitted to paying them money, he maintained that the "degree of [his] influence was countered by the voluntary and assertive participation of M.W. and J.S."  He contended that because MW and JS "were already immersed in a lifestyle of drugs, parties, and sex[]" before meeting him, as evidenced by their text message conversations, they "were voluntary participants motivated by money, drugs, and parties."  He insisted that he did not coerce, threaten, force, or persuade them to participate.  He explained that the first contact between himself and the minors was when he gave MW his business card at a gas station, and that it was MW and JS who later contacted him asking to arrange a meeting.

The government responded that the enhancement was justified because Goldberg "took advantage of minors who . . . had a drug problem," and who "wanted money."  Goldberg, the government explained, "had money, and he used money to entice them," as evidenced by the picture of fanned-out currency he sent

4

to MW.  The government introduced a text-message conversation between MW and JS on the day Goldberg took them to his office, gave them money and alcohol, and had sexual contact with MW at the gas station, in which MW wrote that she "hope[d] he doesn't expect sex."  On that same day, MW also wrote: "I know it's like he's creepy, but not.  I'm confused."  The district court overruled Goldberg's objection and applied the enhancement.

## III.

The district court did not clearly err by enhancing Goldberg's sentence under USSG § 2G1.3(b)(2)(B).  Undisputed evidence in the record supports the district court's finding that Goldberg unduly influenced his minor victims to engage in prohibited sexual conduct.  As the district court explained, Goldberg, a "very mature adult male[,] reach[ed] out to a 15-year-old in the first instance"; "made the first contact"; "us[ed] money to entice her into a relationship which she says at one point she's confused about," after she had "indicat[ed] she's not really interested in having sex."  Goldberg thus displayed "an abuse of superior . . . influence and resources," Panfil, 338 F.3d at 1303 (citation omitted), that supports application of the undue-influence enhancement.  For these reasons, we affirm the sentence.

**AFFIRMED.**

5