[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15060
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00043-RBD-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD HOYT CRAWFORD, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 14, 2020)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Richard Crawford, Jr. appeals his conviction for attempting to persuade, induce, or entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  Crawford argues that § 2422(b) is unconstitutional—both facially and as applied—because it is void for vagueness under the Fifth Amendment; that the district court abused its discretion in both excluding a defense expert witness report and testimony and refusing to exclude evidence of items found in Crawford's car; that there was insufficient evidence to convict him under § 2422(b); and that the district court erred by failing to instruct the jury that a substantial step had to be necessary or required to complete an offense.  For the following reasons, we affirm on all issues.

## I.

First, the constitutionality claim.  We review the constitutionality of a statute de novo.  *United States v. Panfil*, 338 F.3d 1299, 1300 (11th Cir. 2003) (per curiam).  Under the prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels, unless and until it is overruled or abrogated by this court sitting en banc or the United States Supreme Court.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

"A statute is void for vagueness under the Fifth Amendment's Due Process Clause if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously

2

discriminatory enforcement.'" *United States v. Ruggiero*, 791 F.3d 1281, 1290 (11th Cir. 2015).

We have held that § 2422(b) is not unconstitutionally vague under the Fifth Amendment. *See Panfil*, 338 F.3d at 1301 (rejecting an argument that the statute fails to provide fair notice of illegal conduct because the terms have plain, ordinary meanings, and observing that the "scienter requirement discourages 'unscrupulous enforcement'"). Beyond that, we have also rejected a void-for-vagueness challenge to § 2422(b) in adult-intermediary situations because we previously held that § 2422(b)'s plain language applies to those situations. *United States v. Hornaday*, 392 F.3d 1306, 1310 (11th Cir. 2004).

These prior cases preclude Crawford's vagueness challenges. His facial challenge fails because we have already held § 2422(b) valid in other cases. *See Ruggiero*, 791 F.3d at 1285–86. Likewise, his as-applied challenge fails because Crawford's conduct falls squarely within the plain meaning of the statute's language. *See Murrell*, 368 F.3d at 1287 (concluding that defendant's conduct of negotiating with the purported father of a minor falls squarely within the definition of "induce"). Contrary to Crawford's insistence, the directness of his communication does not matter. *See id.* Section 2422(b) is neither facially unconstitutional nor unconstitutional as applied to Crawford.

II.

3

Next, the evidentiary issues.  We review evidentiary rulings for abuse of discretion.  *United States v. Gunn*, 369 F.3d 1229, 1236 (11th Cir. 2004) (per curiam).  An abuse of discretion occurs if the district court applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  *United States v. Wilson*, 788 F.3d 1298, 1314 (11th Cir. 2015).

Crawford contests two evidentiary rulings.  First, Crawford moved in limine to exclude reference to items that authorities found in his car at the time he arrived for his sexual encounter with the minor.  Those items included a sex toy, male sexual performance enhancement pills, condoms, pornographic DVDs, a DVD player, lubricant, and a receipt for a contraceptive pill.  The district court denied his motion.  On appeal Crawford argues that the district court erred because that evidence was irrelevant, prejudicial, and misleading to the jury.  We disagree.

Unless shown otherwise, relevant evidence is admissible.  Fed. R. Evid. 402. Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is consequential to the action.  Fed. R. Evid. 401.

The car items were relevant.  For one, the agent/"father" had conditioned sex with his "daughter" on Crawford's agreement to wear a condom and prevent pregnancy.  Thus, the condoms and the receipt for an emergency contraceptive pill

4

tended to show that Crawford intended to satisfy these conditions, gain the father's permission, and thereby cause the minor to engage in sexual activity with him. Also, given the daughter's supposed youth and likely inexperience, the sex toy, lubricant, DVDs, and DVD player tended to show that Crawford's intent, throughout his interactions with the father, was to induce the minor to engage in sexual activity with him. Further, all the items tended to show Crawford's substantial steps in his attempt to induce the minor to engage in sexual activity with him. *See Murrell*, 368 F.3d at 1288 (including the items that the defendant brought to the meeting site as evidence showing a substantial step).

Even so, a district "court *may* exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). But we see no abuse of discretion in the district court's refusal to exclude the car items on any of these bases. And even if we did, we conclude that any error was harmless given the substantial evidence presented at trial, including Crawford's electronic messages and his testimony about his intent, which the jury was free to disbelieve. *See United States v. Hubert*, 138 F.3d 912, 914 (11th Cir. 1998) (per curiam).

Second, Crawford argues that the district court improperly excluded his expert's report and testimony.  The expert report and testimony would have shown that Crawford had no sexual interest in minors, and Crawford offered that evidence to prove that he did not intend to have sex with a minor.

The district court properly excluded that evidence.  Federal Rule of Evidence 704(b) prohibits an expert witness from opining on whether the defendant had or lacked a requisite mental state constituting an element of the crime charged, reserving such a decision for the trier of fact alone.  This means "an expert may not opine on the defendant's intent."  *United States v. Gillis*, 938 F.3d 1181, 1194 (11th Cir. 2019) (per curiam).  In *Gillis*, we concluded that the district court did not abuse its discretion when it excluded an expert's proffered opinion that the defendant "was not sexually attracted to prepubescent girls [as] simply a thinly veiled attempt by the defense to offer an expert opinion that [the defendant] lacked the requisite intent for" his § 2422(b) charge.  *Id.* at 1195.  Here, Crawford offers his expert's report and testimony for nearly identical reasons as Gillis did.  *See id.*  Beyond that, the district court properly excluded that evidence because the dangers that it would confuse the issues and mislead the jury substantially outweighed any arguable probative value.  *See* Fed. R. Evid. 403.  Therefore, the district court did not abuse its discretion by excluding this evidence.

### III.

6

Third, Crawford's sufficiency-of-the-evidence challenge.  We review de novo a verdict challenged for sufficiency of the evidence, resolving all reasonable inferences in favor of the verdict, and must affirm if a reasonable jury could have concluded that the defendant was guilty beyond a reasonable doubt.  *United States v. Lee*, 603 F.3d 904, 912 (11th Cir. 2010).

It is illegal to knowingly attempt to persuade, induce, entice, or coerce a minor to engage in prostitution or any sexual activity for which one can be criminally charged, through a means of interstate commerce.  18 U.S.C. § 2422(b).  To "induce" means "to stimulate the occurrence of; cause."  *Murrell*, 368 F.3d at 1287 (alteration accepted) (citing the dictionary definition).  Where a statute defines multiple ways in which an offense can be committed, but the government alleges the ways in the conjunctive, the government need only prove one of the conjunctive acts for a conviction.  *United States v. Felts*, 579 F.3d 1341, 1344 (11th Cir. 2009) (per curiam).

To support Crawford's conviction for attempt under § 2422(b), the government must have proved that, using a means of interstate commerce, he (1) "acted with the specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sex"; and (2) "took a substantial step toward his intended goal of inducing a [minor] to engage in sexual activity with him."  *Murrell*, 368 F.3d at 1287–88.  To conclude that Crawford took a substantial step, we must determine

7

"that [his] objective acts mark his conduct as criminal such that his acts as a whole strongly corroborate the required culpability." *See id.* at 1288.  A defendant can violate § 2422(b) even if he only communicates with an adult intermediary and the minor is fictitious.  *Id.* at 1286–87; *Lee*, 603 F.3d at 912–13.

If a defendant testifies in his defense, he risks the jury disbelieving him, concluding the opposite of his testimony is true, and considering his statements as substantive evidence of his guilt.  *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).  If there is some corroborative evidence of guilt for the charged offense, and the defendant testifies on his own behalf, his testimony denying guilt may, by itself, establish the elements of the offense.  *Id.* at 314–15.  "This rule applies with special force where the elements to be proved for a conviction include highly subjective elements: for example, the defendant's intent or knowledge."  *Id.* at 315.

Ample evidence supports Crawford's conviction.  Traveling under an inducement theory, the government showed that Crawford intended to cause the fictitious daughter to engage in unlawful sex with him via messages between the agent/father and Crawford setting the terms of the meeting, as well as the car items.  By negotiating with the purported father of a minor, Crawford attempted to cause the minor to engage in sexual activity with him.  *See Murrell*, 368 F.3d at 1287.  Moreover, the evidence shows that Crawford repeatedly reached out to the

8

agent/father and pressed on with the plan when the agent/father gave him opportunities to stop communications or back out. His conduct fits squarely within the definition of "induce." *See id.* Further, Crawford denied the requisite intent when he testified in his own defense, and the jury could have disbelieved him and considered his denial as evidence of his guilt. *See Brown*, 53 F.3d at 314–15. Therefore, the government produced sufficient evidence of the intent element.

As for a substantial step, Crawford's objective acts strongly corroborated his culpability and provide clear evidence that his conduct was criminal. *See Murrell*, 368 F.3d at 1288. Crawford made incriminating statements to the agent/father, traveled to the agreed meeting location, and carried the car items there. *See id.* His actions, taken as a whole, demonstrate unequivocally that he intended to induce the fictitious minor into engaging in unlawful sex with him and that his conduct was therefore criminal. *See id.*

To the extent Crawford relies on *Lee* to undermine the sufficiency of the evidence against him, his reliance is misplaced because, in *Lee*, the discussion of assent related only to a persuasion theory. *See* 603 F.3d at 914. So focus on assent does nothing for him when we consider his conviction under an inducement theory. *See id.*

Therefore, the evidence sufficed to show the elements of Crawford's attempt conviction. A reasonable jury could have concluded that Crawford was guilty beyond a reasonable doubt. *See id.* at 912.

## IV.

Last is Crawford's issue with the substantial-step jury instruction. Crawford insists that the district court erred because it failed to instruct the jury that a substantial step must be a required or necessary action.

But invited error precludes review. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). Here, Crawford invited any claimed error because his proposed jury instruction did not define a substantial step as necessary or required. *See id.* So we will say no more on this issue than this: even if we reviewed on the merits, we would affirm because no error occurred; the instruction complied with current law.

**AFFIRMED.**