[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-12891
Non-Argument Calendar

_____

D.C. Docket No. 9:13-cr-80082-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY JAY GOLDBERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 30, 2020)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Jay Goldberg, a federal prisoner proceeding pro se, appeals the district

court's order denying his Federal Rule of Criminal Procedure 11(d) motion to

withdraw his guilty plea.  We summarily affirm the district court's order because there is no substantial question that the court did not abuse its discretion.

In 2013, Goldberg pled guilty to one count of enticing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422.  He was sentenced to 156-months imprisonment, followed by 25 years of supervised release, and was ordered to pay restitution.  He appealed his sentence, which this Court affirmed.  See United States v. Goldberg, 591 F. App'x 792, 792 (11th Cir. 2014) (per curiam) (unpublished).  In 2016, he also filed a 28 U.S.C. § 2255 motion that the district court denied on the merits.  In June of this year, Goldberg filed a motion to withdraw his guilty plea under Rule 11(d), arguing that he "lacked legal advice," was "misled by counsel," and was "prejudiced by [his] counsel's deficient performance."  The district court denied the motion, reasoning that Rule 11(d) is available only to withdraw a guilty plea before sentencing.  It also noted that since Goldberg had already been sentenced, he could only set aside his plea under 28 U.S.C. § 2255.  And because Goldberg had previously filed a section 2255 motion, he needed—but did not have—authorization from our Court to file a second motion.  Goldberg then filed a motion for reconsideration, which the district court denied.  Goldberg timely appealed.

In this Court, the government has filed a motion for summary affirmance and to stay the briefing schedule.  Summary disposition is appropriate where,

among other circumstances, "the result is clear as a matter of law so that there can be no substantial question as to the outcome." Brown v. United States, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019) (per curiam) (citing Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969)). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, United States v. Pease, 240 F.3d 938, 940 (11th Cir. 2001) (per curiam), and construe pro se submissions liberally, Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

Under Rule 11, a defendant may withdraw a guilty plea (1) "before the court accepts the plea, for any reason or no reason," or (2) "after the court accepts the plea, but before it imposes a sentence," if the court rejects a plea agreement or the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d). Once a defendant is sentenced, he "may not withdraw a plea of guilty." Fed. R. Crim. P. 11(e). Instead, the plea can be set aside "only on direct appeal or collateral attack." Id. Here, there is no substantial question that the district court did not abuse its discretion in denying Goldberg's motion to withdraw his guilty plea. See Brown, 942 F.3d at 1076 n.6. Goldberg was sentenced in 2014. Because Goldberg's motion comes after the court imposed his sentence, he may not withdraw his guilty plea. See Fed. R. Crim. P. 11(e).

In response to the government's motion for summary affirmance, Goldberg appears to argue, for the first time on appeal, that his motion should be treated as a

3

collateral attack under 28 U.S.C. § 2255, perhaps so that Rule 11(e) would not bar his motion.  "This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation marks omitted).  But even if we were to consider this argument, it is unavailable to Goldberg.  When a section 2255 motion is "second or successive," it must first be authorized by this Court before the district court may reach the merits. See Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014); 28 U.S.C. § 2244(b)(3)(A).  A motion is "second or successive" when the movant could have raised the claim in an earlier motion that was adjudicated "on the merits" but, "without a legitimate excuse, failed to do so."  Boyd, 754 F.3d at 1301–02.  Here, Goldberg's Rule 11(d) motion was filed after his section 2255 motion, which was denied on the merits and which could have raised the present claim.  Indeed, his section 2255 motion raised an ineffective assistance of counsel claim, and his Rule 11(d) motion asserts his counsel had "deficient performance."  Therefore, even if Goldberg's Rule 11(d) motion were construed as a section 2255 motion, it would be second or successive, and he has failed to obtain the required authorization from this Court.

Accordingly, the government's motion for summary affirmance is **GRANTED** and its motion to stay the briefing schedule is **DENIED** as moot.

4