[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11092
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61718-JIC; 0:14-cr-60270-JIC-1

DENNIS DE JESUS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 27, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Dennis De Jesus pleaded guilty in 2015 to engaging in illicit sexual conduct in a foreign place in violation of 18 U.S.C. § 2423(c), enticement of a minor to engage in illicit sexual activity in violation of 18 U.S.C. § 2422(b), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  In 2016, while serving his sentence in federal prison, De Jesus moved to challenge his convictions under 28 U.S.C. § 2255.  The district court denied De Jesus's § 2255 motion.  De Jesus then timely filed a Rule 59(e) motion to alter or amend the judgment denying his § 2255 motion.  The district court rejected De Jesus's Rule 59(e) motion on two alternative grounds.  First, it held that it lacked jurisdiction because the motion was effectively a second or successive § 2255 motion and therefore barred by 28 U.S.C. § 2244.  Second, it held that if it had jurisdiction, it would deny the motion on the merits because the motion "raise[d] no new arguments or issues" but rather "rehashe[d] arguments that the [c]ourt previously rejected."

De Jesus now appeals the district court's dismissal or denial of his Rule 59(e) motion.  De Jesus argues as to jurisdiction that the district court had jurisdiction because a Rule 59(e) motion isn't a second or successive motion under *Banister v. Davis*, 140 S. Ct. 1698 (2020).  He argues as to the alternative merits holding that it cannot be the basis for affirmance because it was dictum and legal error.

2

We review the district court's jurisdiction de novo. *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). In *Banister*, which was decided after the district court rejected De Jesus's Rule 59(e) motion, the Supreme Court held that Rule 59(e) motions are *not* second or successive petitions, but instead a part of a prisoner's first habeas proceeding. 140 S. Ct. at 1708, 1711. Therefore, we agree with De Jesus that the district court had jurisdiction to consider his Rule 59(e) motion.

We next review the district court's alternative holding denying De Jesus's Rule 59(e) motion on the merits. As an initial matter, we note that we have previously held in a similar context that where a district court denies requested relief on two alternative grounds—one jurisdictional and one on the merits—we can consider the merits after concluding that the court has jurisdiction. *Rutherford v. McDonough*, 466 F.3d 970, 976 (11th Cir. 2006). We rejected the alternative proposition that "a district court which erroneously concludes that it lacks jurisdiction does lack jurisdiction." *Id*.

We review a Rule 59 denial for abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, or makes findings of fact that are clearly erroneous. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014). We "may affirm for any reason supported by the record, even if

3

not relied upon by the district court." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012) (quotation marks omitted).

A Rule 59(e) motion can be granted based only on "newly-discovered evidence or manifest errors of law or fact" and cannot be used to "raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quotation marks omitted). The Rule gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision, to "reconsider[ ] matters properly encompassed in a decision on the merits," and "to clarify their reasoning or address arguments . . . passed over or misunderstood before." *Banister*, 140 S. Ct. at 1703, 1708 (quotation marks omitted).

Here, the district court did not abuse its discretion in denying De Jesus's Rule 59(e) motion because the motion didn't present evidence of manifest errors of law or fact or otherwise satisfy the Rule 59(e) standard. De Jesus moved to alter or amend the denial on the grounds that (1) his conduct was legal in Colombia, so he lacked a culpable mens rea, and (2) the district court erred in construing his underlying motion as one predicated on ineffective assistance of counsel where it was really a constitutional vagueness challenge to the statute under which he was convicted.

4

De Jesus's Rule 59(e) argument that he lacked a culpable mens rea didn't establish a manifest legal error.  The Due Process Clause prohibits the exercise of extraterritorial jurisdiction over a defendant when it would be "arbitrary or fundamentally unfair" and requires "at least some minimal contact between a State and the regulated subject."  *United States v. Baston*, 818 F.3d 651, 669 (11th Cir. 2016) (quotation marks omitted).  We have upheld the legality of the extraterritorial application of statutes concerning child pornography without apparent regard to whether the conduct was legal where it took place.  *See, e.g.*, *United States v. Frank*, 599 F.3d 1221, 1230–33 (11th Cir. 2010).

De Jesus's Rule 59(e) argument that the district court misconstrued his motion also didn't establish reversible error.  Assuming that it should have been construed as a constitutional vagueness challenge, we have held that 18 U.S.C. § 2422(b), prohibiting enticement of a minor, isn't unconstitutionally overbroad or vague.  *United States v. Panfil*, 338 F.3d 1299, 1301 (11th Cir. 2003).  We have also held that 18 U.S.C. § 2252A(a)(5)(B), prohibiting possession of child pornography, isn't unconstitutionally overbroad or vague.  *United States v. Woods*, 684 F.3d 1045, 1057–60 (11th Cir. 2012).  We don't think De Jesus's request for reconsideration based on similar arguments established manifest error.

Accordingly, the district court did not abuse its discretion in denying De Jesus's Rule 59(e) motion.[1]

**AFFIRMED**.

---

[1] De Jesus has separately requested that we vacate an earlier order, dated January 10, 2019, denying him a certificate of appealability. Because that single-judge order is not binding on a future merits panel, and the district court should not interpret it as a ruling on the merits of De Jesus's § 2255 motion, there is no need to vacate it.