**UNITED STATES of America,**
**Appellee,**

**v.**

**Uriela de Jesus Mesa LOPEZ, Manuel Sanchez, Defendants,**

**Yvette Ortiz, Defendant–Appellant.**

**Docket No. 02–1710.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 17, 2003.

Decided: Nov. 4, 2003.

Valerie Amsterdam, Amsterdam & Branden, New York, NY, for Appellant.

Gary Stein, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, Douglas R. Jensen, Celeste L. Koeleveld, Assistant United States Attorneys, of counsel), New York, NY, for Appellee.

Before: LEVAL and SACK, Circuit Judges, and KORMAN, District Judge.*

PER CURIAM:

The defendant-appellant, Yvette Ortiz, appeals the sentence imposed upon her by the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*). Ortiz argues that the district court erred by considering her earlier sentence for an offense committed after the offense for which she was being sentenced as a "prior sentence" when calculating her criminal history score pursuant to section 4A1.1(a) of the United States Sentencing Guidelines ("U.S.S.G.").

## BACKGROUND

On September 14, 1994, Ortiz was arrested for brokering the sale of heroin to an undercover agent of the Bureau of Alcohol, Tobacco, and Firearms. Shortly thereafter, she was indicted in the Southern District of New York for conspiracy to distribute and distributing approximately 481 grams of heroin in violation of 21

---

* Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

U.S.C. §§ 846 and 841. Although Ortiz initially agreed to cooperate with the Bureau, her cooperation efforts soon flagged, and she failed to appear for a pre-trial conference on October 12, 1994. She fled to Costa Rica and was charged on September 26, 2000 with bail jumping in violation of 18 U.S.C. § 3146.

Ortiz remained a fugitive until October 7, 2001, when she was arrested in Texas for attempting to smuggle heroin into the United States. Ortiz pleaded guilty in the United States District Court for the Southern District of Texas to one count of possessing heroin with intent to distribute in violation 21 U.S.C. § 841(b)(1)(A). On March 4, 2002, she was sentenced on that charge to a term of 47 months' imprisonment and five years' supervised release.

On May 31, 2002, Ortiz pleaded guilty to the instant heroin and bail-jumping charges in the United States District Court for the Southern District of New York. On November 14, 2002, she was sentenced to a term of 60 months' imprisonment, five years' supervised release, and a $100 special assessment for the heroin offenses, and a consecutive term of 18 months' imprisonment for the bail-jumping offense.

When calculating Ortiz's criminal history score, the New York district court applied U.S.S.G. § 4A1.1(a), which instructs the sentencing court to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." (bold type omitted). The district court treated the Texas sentence as a "prior sentence" and added three points to the criminal history score, which placed Ortiz in a criminal history category of II. On this appeal, Ortiz argues that the Texas sentence is not a "prior sentence" for the purposes of § 4A1.1(a) because the conduct underlying the Texas conviction occurred after the conduct un-

derlying the instant heroin and bail jumping convictions.

## DISCUSSION

■■■ For purposes of calculating criminal history under the Sentencing Guidelines, the term 'prior sentence' is "not directed at the chronology of the conduct, but the chronology of the sentencing." *United States v. Espinal,* 981 F.2d 664, 668 (2d Cir.1992); *United States v. Flowers,* 995 F.2d 315, 317 (1st Cir.1993). Section 4A1 of the Guidelines "make[s] no exception for a prior sentence imposed for a crime that took place *after* the crime currently before the sentencing judge." *Flowers,* 995 F.2d at 317 (emphasis in original). As noted, Section 4A1.1(a) provides for the imposition of three criminal history points for "each prior sentence of imprisonment exceeding one year and one month." Section 4A1.2(a)(1) defines the term "prior sentence" as "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." Application Note 1 to § 4A1.2 states: " 'Prior sentence' means a sentence *imposed* prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." (emphasis added).

■■■ Ortiz admits that she was sentenced in the Southern District of Texas on March 4, 2002—more than eight months before she was sentenced for the instant heroin and bail-jumping offenses in the Southern District of New York on November 14, 2002—and does not claim that the conduct for which she was sentenced in Texas was part of the conduct for which she was sentenced in New York. Under Application Note 1 to § 4A1.2, the New York district court properly considered the Texas sentence a "prior sentence" for the purposes of calculating Ortiz's criminal history score because it was *"im-*

*posed* prior to sentencing on the instant offense." (emphasis added).

## CONCLUSION

We therefore affirm the judgment of the district court.