[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16458

_____

D.C. Docket No. 4:09-cr-00063-RH-CAS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE J. BURKE, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 19, 2017)

Before ED CARNES, Chief Judge, WILLIAM PRYOR and DUBINA, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

We must decide whether the term "prior sentence," United States Sentencing Guidelines Manual § 4A1.1(a) (Nov. 2015), includes a state sentence imposed after a defendant's initial federal sentence but before the district court vacated that sentence and resentenced him. Willie Burke Jr. pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g), and an armed career criminal, *id.* § 924(e), and was sentenced in 2010. In 2011, a Florida court sentenced him for attempted armed robbery, armed robbery, and kidnapping to facilitate a felony or terrorize with a firearm. In 2016, the district court vacated Burke's federal sentence, 28 U.S.C. § 2255, and conducted a full resentencing. The district court added three criminal history points for Burke's 2011 Florida sentence because it was a "prior sentence" when the district court resentenced him, U.S.S.G. § 4A1.1(a). Burke now challenges that calculation. But we agree with the district court that, when a court vacates a sentence, that sentence "becomes void in its entirety," *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996), so the term "prior sentence" includes a state sentence imposed before resentencing. Burke also asks us to vacate his sentence on the ground that another of his prior convictions, for Florida armed robbery in 1999, is not a "crime of violence," U.S.S.G. § 2K2.1(a)(4)(A), but our precedent forecloses this argument. We affirm.

## I.    BACKGROUND

2

In October 2009, a federal grand jury indicted Willie Burke for being a felon in possession of a firearm and an armed career criminal, 18 U.S.C. §§ 922(g), 924(e). Burke pleaded guilty in 2010. The presentence investigation report determined that Burke was an armed career criminal based on three prior felony convictions: (1) a 1999 Florida conviction for burglary of a structure and grand theft from a retail merchant; (2) a 1999 Florida conviction for burglary of a dwelling and grand theft; and (3) a 1999 Florida conviction for armed robbery. The district court imposed the statutory minimum sentence of 180 months imprisonment followed by three years of supervised release.

In 2016, Burke moved to vacate his sentence, 28 U.S.C. § 2255. He argued that the decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), later made retroactive in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), required vacatur of his sentence and resentencing. The government agreed, and the district court ordered a "full resentencing."

The probation office prepared a revised presentence investigation report. The report calculated a base offense level of 20 because Burke had previously been convicted of one "crime of violence," Florida armed robbery in 1999, U.S.S.G. § 2K2.1(a)(4)(A). The report then applied a three-level reduction for acceptance of responsibility, *id.* § 3E1.1(a), to arrive at a total offense level of 17. The report also gave Burke ten criminal history points to arrive at a criminal history category of V.

3

Three of those criminal history points pertained to Burke's 2011 Florida convictions for three counts of attempted armed robbery, nine counts of armed robbery with a firearm, and twelve counts of kidnapping to facilitate a felony or terrorize with a firearm. These convictions occurred after his initial sentencing. The revised report recommended a term of imprisonment of 46 to 57 months.

Burke objected to the report on two grounds. First, Burke argued that the report impermissibly added three criminal history points for his 2011 Florida conviction. He explained that, because "judgment and sentence" for the 2011 conviction was imposed "a year after the initial sentencing in this case," the 2011 conviction "cannot be considered a '*prior* sentence' as th[at] term is defined in" section 4A1.2(a) of the Guidelines. Second, he argued that his 1999 conviction for Florida armed robbery is not a "crime of violence" for purposes of section 2K2.1(a)(4), although he acknowledged binding precedent to the contrary, *United States v. Lockley*, 632 F.3d 1238, 1245–46 (11th Cir. 2011).

The district court overruled both objections at Burke's sentencing hearing. The district court ruled that a prior sentence includes any unrelated sentence imposed before resentencing because "[t]he point of the criminal history calculation is to figure out what kind of criminal record the defendant has. . . . And so you take into account convictions prior to the time of sentencing." The district court also ruled that Florida armed robbery is a crime of violence. The district

4

court sentenced Burke to 57 months imprisonment to be served consecutively to his state sentences.

## II.    STANDARD OF REVIEW

We review *de novo* "a district court's interpretation of the Sentencing Guidelines." *United States v. Coast*, 602 F.3d 1222, 1223 n.1 (11th Cir. 2010). We also "review *de novo* whether a prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines." *Lockley*, 632 F.3d at 1240.

## III.    DISCUSSION

Burke argues that the district court erred when it added three points to his criminal history category for his 2011 sentence entered by the Florida court because that state sentence was imposed after his initial federal sentencing and, as a result, is not a "prior sentence" under the Sentencing Guidelines, U.S.S.G. § 4A1.1(a). We disagree. Because Burke moved to vacate his federal sentence and was granted relief in 2016, his 2011 state sentence is a prior sentence.

"To properly interpret the Sentencing Guidelines, we begin with the language of the Guidelines, considering both the Guidelines and the commentary." *United States v. Fulford*, 662 F.3d 1174, 1177 (11th Cir. 2011) (quoting *United States v. Panfil*, 338 F.3d 1299, 1302 (11th Cir. 2003)). "The language of the Sentencing Guidelines, like the language of a statute, must be given its plain and ordinary meaning because as with Congress, we presume that the Sentencing

5

Commission said what it meant and meant what it said." *Id.* (alteration adopted) (citations and internal quotation marks omitted). "The guidelines commentary is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* (internal quotation marks omitted) (quoting *United States v. Jordi*, 418 F.3d 1212, 1216 (11th Cir. 2005)).

To calculate a defendant's criminal history category, a district court must "[a]dd 3 points for each *prior sentence* of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a) (emphasis added). The Guidelines define the term "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). The first comment to section 4A1.2(a) clarifies this definition:

> "Prior sentence" means a sentence imposed *prior to sentencing on the instant offense*, other than a sentence for conduct that is part of the instant offense. A sentence imposed after the defendant's commencement of the instant offense, but *prior to sentencing on the instant offense*, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.

*Id.* § 4A1.2 cmt. 1 (emphasis added) (internal citation omitted). The question we must decide "is 'prior' to what, the original sentence or the resentencing sentence?" *United States v. Ticchiarelli*, 171 F.3d 24, 35 (1st Cir. 1999).

The circuits are split on this question. The Eighth and Ninth Circuits have held that when a defendant's initial sentence is vacated, a sentencing court shall add criminal history points for any unrelated sentences imposed after the initial sentencing but before resentencing. *United States v. Tidwell*, 827 F.3d 761, 764 (8th Cir. 2016) ("At that time, Tidwell's [intervening] conviction was plainly a 'prior sentence,' that is, 'a sentence imposed prior to sentencing on the instant offense.'" (quoting U.S.S.G. § 4A1.2 cmt. 1); *United States v. Klump*, 57 F.3d 801, 803 (9th Cir. 1995) ("[T]he general rule that resentencing is de novo applies and the court correctly found that the state sentence was a 'prior sentence.'"). The First Circuit, in contrast, has held that "the most sensible reading is that the [G]uidelines' reference to 'prior sentence' means, in this context, a sentence which is prior to the original sentence which was vacated and remanded only for resentencing." *Ticchiarelli*, 171 F.3d at 35. The First Circuit based its decision on its mandate rule, which limits resentencing on remand to only those portions of the sentence subject to the mandate of the First Circuit. Unlike our Court, the First Circuit "does not permit *de novo* resentencing as to all aspects of a sentence when a sentence has been vacated." *Id.* (emphasis added).

The text of section 4A1.2(a), its related commentary, and our precedents compel us to agree with the Eighth and Ninth Circuits. The phrase "sentencing on the instant offense," § 4A1.2 cmt. 1, refers to the sentencing that occurs after a

7

court vacates an initial sentence because when a court in our circuit vacates a sentence it "becomes void in its entirety." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). After vacatur, the original sentencing has "no validity or effect," *Void, Black's Law Dictionary* (10th ed. 2014). "[T]he [vacated] sentence—including any enhancements—[is] . . . 'wholly nullified and the slate [is] wiped clean.'" *Stinson*, 97 F.3d at 469 (quoting *United States v. Cochran*, 883 F.3d 1012, 1017 (11th Cir. 1989)). As a result, a district court may "reconstruct the sentence utilizing any of the sentence components." *Id*. That a vacated sentence is void and resentencing occurs *de novo* establishes that a "prior sentence" under section 4A1.1(a) is any sentence imposed before resentencing. *See United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010) ("[W]e have often held that a general vacatur . . . allows for resentencing *de novo*." (citation omitted)). We must reject the reasoning of *Ticchiarelli*. Unlike the effect of vacatur in the First Circuit, *Ticchiarelli*, 171 F.3d at 35 ("[Vacatur and remand] does not permit de novo resentencing as to all aspects of a sentence. . . ."), vacatur in our Circuit wipes the slate clean, *Stinson*, 97 F.3d at 469. And that clean slate requires a district court to consider pre-vacatur sentences because a district court conducts a resentencing as if no initial sentencing ever occurred.

The order of crimes does not affect whether a sentence is a prior sentence. The application notes for section 4A1.2(a) make clear that it is the sequence of

8

*sentences* not the sequence of crimes that matters. *See* § 4A1.2 cmt. 1 ("A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence. . . ."). We and our sister circuits have long recognized this rule of sentencing sequence. *United States v. Walker*, 912 F.2d 1365, 1366 (11th Cir. 1990); *see also United States v. Lopez*, 349 F.3d 39, 41 (2d Cir. 2003); *United States v. Flowers*, 995 F.2d 315, 317 (1st Cir. 1993); *United States v. Beddow*, 957 F.2d 1330, 1337 (6th Cir. 1992); *United States v. Tabaka*, 982 F.2d 100, 102 (3d Cir. 1992); *United States v. Walling*, 936 F.2d 469, 471 (10th Cir. 1991) *holding modified by United States v. Torres*, 182 F.3d 1156 (10th Cir. 1999); *United States v. Hoy*, 932 F.2d 1343, 1345 (9th Cir. 1991).

Burke argues that other provisions of the Guidelines support his position, but we disagree. He contends that because comment 1(B)(iii) to section 1B1.10 of the Guidelines allows a sentencing court to consider sentences imposed after an "original sentencing proceeding," this "specific inclusion of 'post sentencing conduct' . . . suggests the exclusion of post-sentencing conduct in the definition of 'prior sentence' in [section] 4A1.2(a)(1)." But section 1B1.10 applies to a *reduction* of a defendant's sentence after the Commission has retroactively amended a guideline, not a resentencing after vacatur. That is, section 1B1.10 and its commentary speak of an "original sentence" only because that section allows

9

for revisions to a sentence. Burke also argues that section 4A1.2(e)(1)—which limits the "prior sentence[s]" a district court can consider to those sentences "imposed within fifteen years of the defendant's commencement of the instant offense"—is further evidence that the reference point should be the original sentencing. But section 4A1.2(e)(1) says nothing about the definition of the term "prior sentence"; it instead limits the time period for which a prior sentence mandates additional criminal history points. And it does not establish the initial sentencing as a reference point. Section 4A1.2(e)(1) instead looks to the "commencement of the instant offense" to set the time period.

Burke finally contends that the term "prior sentence" is ambiguous and the ambiguity should be resolved in his favor under the rule of lenity, but even Burke acknowledges that it is "doubtful that the judicial interpretation of advisory Sentencing Guidelines promulgated by an independent commission implicates either of the twin concerns that motivate the rule of lenity." *United States v. Wright*, 607 F.3d 708, 719 (11th Cir. 2010) (William Pryor, J., concurring). And in any event, the text of the guideline is clear—"'prior sentence' means a sentence imposed prior to sentencing on the instant offense," U.S.S.G. § 4A1.2 cmt. 1.

Burke's alternative ground for appeal—that the district court erred in calculating his sentence because his 1999 Florida conviction for armed robbery is not a "crime of violence" as that term is used in section 2K2.1(4)(A) of the

Guidelines—is foreclosed by binding precedent. *United States v. Fritts*, 841 F.3d 937, 938 (11th Cir. 2016) (holding that a conviction for Florida armed robbery is a crime of violence under the Armed Career Criminal Act); *Lockley*, 632 F.3d at 1246 (holding that a conviction under the Florida robbery statute, Fla. Stat. 812.13(1), is a "crime of violence" under section 4B1.2(a)).

## IV.    CONCLUSION

We **AFFIRM** Burke's sentence.