[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15935
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20094-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESMOND SHOTWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 13, 2017)

Before ROSENBAUM, JILL PRYOR, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Desmond Shotwell appeals his 180-month sentence, imposed after pleading guilty to one count of possession of a firearm and ammunition by a convicted felon, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e).  He argues that the district court erred by sentencing him as an armed career criminal based on three Florida robbery convictions.  Specifically, Shotwell contends that the Florida robbery conviction does not qualify under the Armed Career Criminal Act's ("ACCA") elements clause because violent force is not required to commit robbery when it can be committed with minimal force.  Thus, he argues that because Florida's robbery statute requires less than the Supreme Court's definition of violent force, the statute is broader than the generic offense.

We review de novo the district court's conclusion that a particular offense constitutes a "violent felony" under 18 U.S.C. § 924(e).  *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002).

Under the ACCA, any person who violates 18 U.S.C. § 922(g), and has 3 previous convictions for a violent felony or a serious drug offense, is subject to a mandatory minimum sentence of 15 years' imprisonment.  18 U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson v. United States*, 135 S. Ct. 2551, 2557-58, 2563 (2015).  The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony.  *Id.* at 2563.

In 1922, the Florida Supreme Court stated that the distinction between robbery and larceny was the addition to mere taking, of a contemporaneous or precedent force, violence, or of an inducement of fear for one's physical safety. *Montsdoca v. State*, 93 So. 157, 159 (1922).  It stated that "[t]here can be no robbery without violence, and there can be no larceny with it.  It is violence that makes robbery an offense of greater atrocity than larceny."  *Id*.  In 1976, the Florida Supreme Court determined that any degree of force would suffice to

3

convert larceny into a robbery. *McCloud v. State*, 335 So. 2d 257, 258-59 (Fla. 1976). It stated that "[w]here no force [wa]s exerted upon the victim's person, as in the case of a pickpocket, only a larceny [wa]s committed." *Id.* at 259. It determined that because evidence at trial indicated that McCloud had gained possession of his victim's purse not by stealth, but by exerting physical force to extract it from her grasp, the evidence was adequate to support a verdict of robbery. *Id.* The Florida Supreme Court called the incident a "purse-snatching episode." *Id*. at 259 n.5. Subsequently, a Florida appellate court upheld a Florida robbery conviction in 1986, stating that the facts of this case, "unlike picking a pocket or snatching a purse without any force or violence, show sufficient force, be it ever so little, to support robbery." *Santiago v. State*, 497 So. 2d 975, 976 (Fla. Dist. Ct. App. 1986) (citing *McCloud*, 335 So. 2d at 259).

Our court stated that prior to 1997, Florida's intermediate appellate courts were divided as to whether a sudden snatching amounted to robbery under Fla. Stat. Ann. § 812.13. *See United States v. Welch*, 683 F.3d 1304, 1311 & n.29 (11th Cir. 2012) (citing cases from Florida's First, Second, Third, and Fifth Districts). In 1997, the Florida Supreme Court held that mere snatching of property did not amount to robbery under § 812.13 unless the perpetrator employed force greater than that necessary simply to remove the property from the person. *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997). The Florida Supreme Court stated that

4

"[i]n accord with our decision in *McCloud*," we determined that "in order for the snatching of property from another to amount to robbery, the perpetrator must employ more than the force necessary to remove the property from the person." *Id*. The *Robinson* court explained that the Florida robbery statute required "resistance by the victim that is overcome by the physical force of the offender." *Id.*

In *Lockley*, our court addressed whether a 2001 Florida attempted-robbery conviction qualified as a crime of violence under the elements clause of the career-offender provision of the Sentencing Guidelines. *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011); *see also United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) (providing that "[c]onsidering whether a crime is a violent felony under the ACCA is similar to considering whether a conviction qualifies as a crime of violence under U.S.S.G. § 4B1.2(a) because the definitions for both terms are virtually identical") (quoting *United States v. Taylor*, 489 F.3d 1112, 1113 (11th Cir. 2007)). We determined that Lockley's 2001 Florida attempted-robbery conviction categorically constituted a crime of violence under the elements clause of the career-offender guideline. *Lockley*, 632 F.3d at 1240, 1244-45. *See also United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006) (holding "without difficulty" that a 1974 conviction for Florida *armed* robbery was

"undeniably a conviction for a violent felony" under the ACCA's elements clause) (emphasis added).

Post-*Johnson*, our court relied on *Lockley* to determine that a 1997 Florida robbery conviction constituted a violent felony under the ACCA. *See United States v. Seabrooks*, 839 F.3d 1326, 1338-41 (11th Cir. 2016); *id.* at 1346 (Baldock, J. concurring); *id.* at 1346, 1350-51 (Martin, J. concurring). Although all three judges on the panel agreed on the ultimate result with respect to Seabrooks's 1997 armed robbery conviction, their reasoning differed, and they disagreed about the continuing validity of *Dowd* and whether *Lockley*'s holding applied to pre-1997 Florida robbery convictions. *Id.* at 1338–41. The narrowest ground on which the members of the panel in *Seabrooks* agreed was that, under *Lockley*, post-*Robinson*, Florida armed robbery convictions categorically qualify as violent felonies under the ACCA's elements clause. *See id.* at 1340; *id.* at 1346 (Baldock, J., concurring); *id.* at 1352 (Martin, J., concurring).

However, in *Fritts*, this court clarified that, under *Dowd* alone, a pre-*Robinson* Florida armed robbery conviction qualifies as an ACCA violent felony under the elements clause. *United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016). We further determined that *Lockley*, *Robinson*, and other Florida Supreme Court law supported the qualification of Florida armed robbery as a violent felony. *Id.* at 940-44. In response to Fritts's argument that before the Florida Supreme

Court's 1997 decision in *Robinson*, only the slightest force was sufficient to convict a defendant of Florida robbery, we pointed out that the *Robinson* court had made clear that the § 812.13 robbery statute had never included a theft or taking by mere snatching because snatching was theft only and did not involve the degree of physical force needed to sustain a robbery conviction under § 812.13(1). *Id.* at 942-43. We then cited *Robinson*, *McCloud*, and *Montsdoca* in support of that proposition. *Id.* at 943. We have reiterated that a defendant's prior convictions for armed robbery qualified as ACCA predicates under the elements clause. *See United States v. Burke*, ___ F.3d ___, 2017 WL 3044623 *4 (11th Cir. July 19, 2017) (citing *Fritts*); *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016) (citing *Dowd*); *In re Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016) (citing *Dowd* and *Thomas*).

Thus, pursuant to our precedents, a Florida armed robbery conviction qualifies as an ACCA violent felony under the elements clause. Hence, following our precedents, we conclude that the district court did not err by sentencing Shotwell as an armed career criminal based on his three Florida robbery convictions. Florida's robbery statute has always required violence beyond mere snatching, and, therefore, has as an element the use, attempted use, or threatened use of physical force against the person of another and qualifies as a violent felony

under the elements clause of the ACCA.  Accordingly, we affirm Shotwell's 180-month sentence.

**AFFIRMED.**