[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10452

_____

D.C. Docket No. 8:15-cr-00250-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEANTE DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 9, 2018)

Before ROSENBAUM and JILL PRYOR, Circuit Judges, and BARTLE,[*] District
Judge.

---

[*] Honorable Harvey Bartle III, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

PER CURIAM:

In 2015, Deante Dixon pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  At sentencing, the district court enhanced his base offense level after concluding that two prior Florida robbery offenses of which he had been convicted were "crimes of violence" under the United States Sentencing Guidelines.  Dixon now appeals, arguing that Florida robbery is not a crime of violence.  He also asserts that 18 U.S.C. § 922(g) is unconstitutional because it exceeds Congress's authority under the Commerce Clause.[1]

## I.

On June 16, 2015, in Pinellas County, Florida, Dixon was found in possession of a firearm and ammunition manufactured outside of Florida.  Dixon was already a convicted felon—he had two Florida robbery convictions in 2008—so a grand jury indicted him under 18 U.S.C. § 922(g) for being a felon who "knowingly possess[ed], in and affecting interstate and foreign commerce, a firearm and ammunition . . . ."  Dixon pled guilty to the charge on November 12, 2015.

In the Presentence Investigation Report ("PSR"), the United States Probation

---

[1]  Dixon acknowledges that this argument is foreclosed by binding precedent but seeks to preserve the issue so he can raise it before the Supreme Court.

2

Office recommended that Dixon's base offense level be enhanced to 20 because of his past robbery convictions, which it characterized as crimes of violence under the Guidelines.[2] Dixon objected to the characterization of Florida robbery as a crime of violence, but the district court adopted Probation's recommendation and enhanced the base offense level. The court also adopted Probation's recommendation for a three-level decrease because Dixon accepted responsibility. With a base offense level of 17 and a criminal history category of VI, the Guidelines range was 51 to 63 months' imprisonment. The district court ultimately sentenced Dixon to 60 months of imprisonment and 3 years of supervised release.

## II.

The United States Sentencing Guidelines provide for a sentence enhancement if a defendant has previously sustained a felony conviction for a crime of violence. U.S. Sentencing Guidelines Manual. § 2K2.1(a)(4) (U.S. Sentencing Comm'n 2015). The Guidelines define "crime of violence," in turn, as follows:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

---

[2] In this opinion, we refer exclusively to the 2015 Guidelines Manual, which was in effect when Dixon was sentenced.

> (2) is burglary of a dwelling, arson, or extortion, involved use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id*. § 4B1.2(a).  In addition to this definition, the Guidelines commentary lists several offenses that constitute crimes of violence, including robbery.  *Id.* § 4B1.2 cmt. n.1.  Thus, a prior conviction constitutes a crime of violence if it (1) has as an element the use, attempted use, or threatened use of force (commonly referred to as the elements clause), (2) involves conduct that presents a serious potential risk of physical injury to another (commonly referred to as the residual clause), *or* (3) is enumerated as a crime of violence in the Guidelines or its commentary.  *United States v. Lockley*, 632 F.3d 1238, 1241 (11th Cir. 2011).

Dixon argues that Florida robbery[3] is not a crime of violence under any of these three definitions.  He recognizes that this court held the opposite in *Lockley*, 632 F.3d at 1246, but asserts the *Lockley* has been undermined to the point of abrogation by three Supreme Court cases: *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and

_____

[3]  Florida's robbery statute at the time of Dixon's convictions provided:

> Robbery means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, which in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1) (2008).  This is the same version of the statute at issue in *Lockley*.

*Johnson v. United States*, 135 S. Ct. 2551 (2015).

Dixon's argument is foreclosed by precedent.  First, *Johnson* cannot save Dixon from the residual clause of U.S.S.G. § 4B1.2(a)(2).  Just this year, in *Beckles v. United States*, 137 S. Ct. 886 (2017),[4] the Supreme Court concluded that *Johnson*'s holding does not apply to the residual clause of the Guidelines because the Guidelines cannot be unconstitutionally vague.

As for *Mathis* and *Descamps*, we have reaffirmed the viability of *Lockley* in the aftermath of those cases.  In *United States v. Fritts*, 841 F.3d 937, 938-42 (11th Cir. 2016), this Court relied on *Lockley* to conclude that a defendant's robbery conviction qualified as a violent felony under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), which uses language identical to that in U.S.S.G. § 4B1.2(a)(1).  *See also United States v. Burke*, 863 F.3d 1355, 1360 (11th Cir. 2017) (appellant's argument that Florida robbery is not crime of violence foreclosed by *Fritts* and *Lockley*).  So we continue to be bound by *Lockley*'s conclusion that Florida robbery is a crime of violence under the Guidelines.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

---

[4] *Beckles* was issued in March 2017, after the parties submitted their briefs in this case.

### III.

In the proceedings below, Dixon was convicted under 18 U.S.C. § 922(g) because he was found in Florida to be in possession of a firearm that was manufactured outside of Florida.  Under Section 922(g), it is unlawful for any person with a felony conviction to possess a firearm or ammunition "in or affecting commerce."  18 U.S.C. § 922(g).  Congress's authority to establish this law is grounded in the Commerce Clause, which allows Congress to regulate the channels of interstate commerce, the instrumentalities of interstate commerce, and any activity that substantially affects interstate commerce.  *United States v. Lopez*, 514 U.S. 549, 558-59 (1995).

On appeal, Dixon argues that Section 922(g) exceeds Congress's Commerce Clause power both facially and as-applied because "possession—a non-economic activity—. . . does not ensure that this activity 'substantially affects' interstate commerce."  This is not the first time we have considered this argument.  On the contrary, it is well-settled that Section 922(g) "is not constitutionally invalid under the Commerce Clause."  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010); *see also United States v. McAllister*, 77 F.3d 387, 391 (11th Cir. 1996) (Section 922(g) "is not an unconstitutional exercise of Congress's power under the Commerce Clause.").  Noting this precedent, the court below did not err by entering Dixon's conviction under Section 922(g).

## IV.

Because binding precedent precludes Dixon's challenge to the district court's crime-of-violence determination and his challenge to the constitutionality of 18 U.S.C. § 922(g), we affirm.

**AFFIRMED.**