[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12141
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00255-ELR-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LLOYD JOYNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 17, 2021)

Before WILSON, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

This is Lloyd Joyner's second trip to this Court. The first time, we affirmed Joyner's convictions on all counts, but we vacated Joyner's 480-month sentence and remanded to the district court to correct a one-level error in his offense level calculation and to sentence him accordingly. *See United States v. Joyner*, 899 F.3d 1199, 1208 (11th Cir. 2018). Joyner now appeals his 303-month sentence, imposed on remand.

The district court originally sentenced Joyner based on his convictions on eight counts. Six of those counts (Counts 1–4, 6, and 8) were for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); the remaining two counts (Counts 5 and 7) were for brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The Sentencing Guidelines range for the robbery convictions, based on a total (erroneous) offense level of 32 and a criminal history category of I, was 121–151 months' imprisonment. The firearm offenses in Counts 5 and 7 carried mandatory minimum sentences of 84 months and 300 months respectively. The district court varied downward on the robbery counts, and otherwise imposed the statutory minimums, resulting in (1) 96 months' imprisonment as to Counts 1–4, 6, and 8, to run concurrently to each other; (2) 84 months' imprisonment as to Count 5, to run consecutively to the robbery counts; and (3) 300 months' imprisonment as to Count 7, to run consecutively to all other counts. His total sentence was thus 480 months.

2

For the correct offense level of 31, the Guidelines range for the robbery convictions would have been 108–135 months' imprisonment.  Though the district court's downward variance had produced a sentence below that range, we did not hold the Guidelines error harmless.  *Joyner*, 899 F.3d at 1208.   We explained that "when a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."  *Id.* (alteration adopted) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016)).  That rule, combined with the government's concession that Joyner should be resentenced, led us to vacate Joyner's sentence and remand for resentencing.  *Id.*

Fortuitously for Joyner, while he awaited resentencing, Congress passed the First Step Act.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22.  In relevant part, the Act amended 18 U.S.C. § 924(c).  *Id.*  Before the enactment of the First Step Act, § 924(c)(1)(C) mandated a minimum 25-year (300-month) term of imprisonment for a "second or subsequent conviction under this subsection."  *Id.*  The First Step Act, however, amended § 924(c)(1)(C) to authorize the heightened mandatory minimum only for a "violation of this subsection that occurs after a prior conviction under this subsection has become final"—not for multiple convictions arising out of the same indictment.  *Id.*  And the Act clarified that the amendment "shall apply to any offense that was

3

committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Id.*

On resentencing, Joyner argued that the post-First-Step-Act version of § 924(c) applied to him because his original sentence had been vacated, and so no sentence had yet been imposed for his offenses. The district court agreed. It thus sentenced Joyner to 168 months' imprisonment on the § 924(c) convictions—84 months for each count. With respect to the robbery convictions, however, the district court did not vary downward this time, as it had previously in sentencing Joyner to 96 months on those counts. It instead sentenced Joyner to 135 months, a sentence at the top of 108–135 months Guidelines range. Joyner's total sentence was thus 303 months' imprisonment. In this appeal, Joyner claims that the district court abused its discretion by "adding thirty-nine (39) months of prison onto the Hobbs Act Robbery Counts," and thus "shift[ing] the most harsh and punitive aspect of the sentence from the firearms offenses to the Hobbs robbery counts."[1]

We disagree. A general vacatur of a sentence by default allows for resentencing *de novo*. *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010). The district court is free to reconstruct the "sentencing package" to ensure

---

[1] We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The abuse-of-discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

4

that the overall sentence remains consistent with the Guidelines, the 18 U.S.C. § 3553(a) factors, and the court's view concerning the proper sentence in light of the totality of the circumstances. *United States v. Fowler*, 749 F.3d 1010, 1015–16 (11th Cir. 2014). Here, the district court did just that. The court acknowledged the § 3553(a) factors and discussed (1) Joyner's lack of respect for the law, (2) the nature and circumstances of the offenses, (3) Joyner's criminal history and conduct, and (4) the need for Joyner's total sentence to provide sufficient punishment and adequate deterrence. The court also discussed Joyner's codefendant's sentence, which implicated the need to avoid sentencing disparities among similar defendants. *See* 18 U.S.C. § 3553(a)(6). It thus sentenced him to a total term of 303 months.

To the extent that Joyner argues that the district court was limited on remand to correcting the one-offense-level defect in his Guidelines range calculation, he is incorrect. As already explained, following a general vacatur, a district court is free to reconstruct the entire "sentencing package." *Fowler*, 749 F.3d at 1015–16. In this Circuit, vacatur of a sentence "wipes the slate clean" and requires the district court to conduct "a resentencing as if no initial sentencing ever occurred." *United States v. Burke*, 863 F.3d 1355, 1359 (11th Cir. 2017).

In any event, Joyner is precluded from arguing that the district court was limited to correcting the one-offense-level defect in his Guidelines range

calculation by the doctrine of invited error. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (quotation marks omitted). To obtain the benefit of the First Step Act, Joyner argued before the district court that the court should resentence him from scratch. Thus, even if Joyner were correct that de novo resentencing was error, he cannot now "cry foul on appeal," having "invite[d] the trial court to commit error." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

**AFFIRMED.**

6