[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13317
Non-Argument Calendar

_____

D.C. Docket No. 0:20-cr-60041-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENZEL LAFRANCE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 27, 2021)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Denzel LaFrance appeals his 46-month sentence following his conviction on one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1).  On appeal, he argues that the district court erred in enhancing his sentence because: (1) his prior conviction for robbery under Fla. Stat. § 812.13(2)(a) did not qualify as a "crime of violence" pursuant to U.S.S.G. § 2K2.1(a)(4)(A); or (2) alternatively, his prior conviction for aggravated assault under Fla. Stat. § 784.021(1)(a) did not qualify as a "crime of violence" pursuant to U.S.S.G. § 2K2.1(a)(4)(A).  After thorough review, we affirm.

We review de novo whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines.  United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir. 2011).  Under our prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc.  United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

Section 2K2.1(a)(4)(A) provides for a base offense level of 20 if the defendant committed the instant offense after "sustaining one felony conviction of either a crime of violence or a controlled substance offense."  U.S.S.G. § 2K2.1(a)(4)(A).  The term "crime of violence" has the same meaning for purposes of § 2K2.1 as it does under the career offender guidelines in § 4B1.2(a) and accompanying commentary.  Id. § 2K2.1 cmt. n.1.  Thus, a "crime of violence" is "any offense

2

under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another" or is "aggravated assault [or] robbery . . . ." Id. § 4B1.2(a).

When determining whether a prior conviction qualifies as a "crime of violence" for enhancement purposes, we apply the categorical approach. Lockley, 632 F.3d at 1240. Further, when the Sentencing Guidelines specifically designate a certain offense as a "crime of violence," we compare the elements of the crime of conviction to the generic form of the offense. Id. at 1242.

> Florida's robbery statute defines the offense of robbery as
>
> the taking of money or other property . . . from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1). It is a first-degree felony and punishable by life imprisonment if the offender carried a firearm or other deadly weapon. Id. § 812.13(2)(a).

In Lockley, we held that a robbery conviction under § 812.13(1) was "categorically a crime of violence" under § 4B1.2. See 632 F.3d at 1245-46 (quotation omitted). We first explained that a Florida robbery qualified under the guidelines' enumerated offenses clause, since "robbery" was listed in the guideline

3

commentary[1] and the elements of § 812.13(1) mirrored the generic definition of robbery almost exactly.  Id. at 1242-44.  We then found that "[t]he bare elements of § 812.13(1)" also satisfied the elements clause of § 4B1.2(a), because § 812.13(1) required either the use of force, violence, a threat of imminent force, or some act that puts the victim in fear of death or great bodily harm and, therefore, had, "as an element, the use, attempted use, or threatened use of physical force against the person of another." Id. at 1245 (quotation omitted).  Since Lockley, we've reiterated many times that a Florida conviction for robbery is a "crime of violence" under our binding precedent.  See, e.g., United States v. Burke, 863 F.3d 1355, 1360 (11th Cir. 2017) (citing Lockley, 632 F.3d at 1246).

In 2019, the Supreme Court affirmed our ruling in Lockley when it held that Florida robbery under § 812.13 categorically qualified as a violent felony under the Armed Career Criminal Act's ("ACCA") elements clause.  See Stokeling v. United States, __ U.S. __, 139 S. Ct. 544, 549-50 (2019).[2]  The Supreme Court reasoned that, because Florida robbery requires "resistance by the victim that is overcome by

---

[1] Robbery was only listed in guideline commentary as an enumerated offense when Lockley was decided, but the Sentencing Commission later amended U.S.S.G. § 4B1.2(a) to expressly include it. See U.S.S.G. app. C, amend. 798 (Aug. 2016).

[2] "Because the [§ 4B1.2(a)] elements clause . . . and the [ACCA] elements clause . . . are virtually identical, this Court looks to the Supreme Court's and our own decisions applying the ACCA . . . in considering whether an offense qualifies as a crime of violence under the Guidelines, and vice versa." United States v. Ochoa, 941 F.3d 1074, 1107 (11th Cir. 2019). We've also recognized that U.S.S.G. § 2L1.2's elements clause definition uses identical language as well. United States v. Romo-Villalobos, 674 F.3d 1246, 1248 (11th Cir. 2012).

4

the physical force of the offender," the offense contained the necessary element of "physical force" under the ACCA to qualify it as a violent felony.  Id. at 554-55 (quoting Robinson v. State, 692 So. 2d 883, 886 (Fla. 1997)).

Here, as LaFrance acknowledges, his argument that his prior Florida conviction for robbery does not constitute a crime of violence under § 2K2.1(a)(4)(A) is foreclosed by Lockley. See Burke, 863 F.3d at 1360; see also Lockley, 632 F.3d at 1242-46.  Even though LaFrance claims that Lockley was wrongly decided, we are bound by our prior decision, see Archer, 531 F.3d at 1352, and moreover, the Supreme Court later reached the same conclusion, holding that Florida robbery under § 812.13 categorically qualified as a violent felony under the ACCA's elements clause.  Stokeling, 139 S. Ct. at 549-50.

In supplemental briefing, LaFrance argues that Lockley was undermined "to the point of abrogation" by the Supreme Court's recent decision in Borden v. United States, __ U.S. __, 141 S Ct. 1817 (2021), which held that a criminal offense with only a mens rea of recklessness -- "a less culpable mental state than purpose or knowledge," id. at 1821-22 (plurality opinion) -- does not qualify as a "violent felony" under the ACCA's elements clause.  We disagree.  For starters, the Supreme Court's decision in Borden did not change our case law -- since well before Lockley, we've held that "a conviction predicated on a *mens rea* of recklessness does not satisfy the 'use of physical force' requirement" of the elements clause.  See, e.g.,

5

United States v. Palomino Garcia, 606 F.3d 1317, 1336 (11th Cir. 2010).  So even if Lockley had confronted a robbery offense that only required recklessness -- and we have not located any Florida cases indicating that robbery in violation of Fla. Stat. § 812.13(1) can be committed by a defendant with a mens rea of recklessness or less -- under our prior panel precedent rule, there is no exception carved out for overlooked or misinterpreted binding precedent.  See United States v. Fritts, 841 F.3d 937, 942 (11th Cir. 2016) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at the time." (quotation omitted)).

Moreover, and equally important, nothing in Lockley stands in tension with Borden.  Borden explained that a crime that can be accomplished with a mens rea of recklessness cannot qualify under the elements clause because attempting, threatening, or using force "against . . . the person of another" "demands that the perpetrator direct his action at, or target, another individual" and "[r]eckless conduct is not aimed in that prescribed manner."  141 S. Ct. at 1825 (plurality opinion) (emphasis added).  Our opinion in Lockley found that for a Florida robbery conviction to be sustained, a defendant must "directly threaten the victim's bodily integrity," 632 F.3d at 1243-44 (emphasis added), just as Borden contemplated as necessary for violent felonies, 141 S. Ct. at 1825.

6

Indeed, the Supreme Court aptly stated in Stokeling that Florida robbery is "the quintessential ACCA-predicate crime," affirming our holding that Florida robbery encompassed the requisite "physical force" qualifying it as a violent felony under the elements clause. 139 S. Ct. at 551, 555.  And in Borden, just two years later, the Supreme Court cited to Stokeling in its analysis, and never suggested that Stokeling had been abrogated.  141 S. Ct. at 1822 (plurality opinion).

In short, the district court did not err in enhancing LaFrance's base offense level pursuant to § 2K2.1(a)(4)(A) because his prior Florida conviction for robbery qualified as a crime of violence.  Accordingly, we affirm.[3]

**AFFIRMED**.

---

[3] Because we conclude that LaFrance's prior conviction for Florida robbery qualifies as a crime of violence, we decline to address his arguments that his prior conviction for Florida aggravated assault was not a crime of violence, or that Borden affected our binding precedent concerning Florida aggravated assault.  The base offense level enhancement under § 2K2.1(a)(4)(A) only requires one predicate prior conviction to apply, so his arguments concerning Florida aggravated assault are "not necessary to the decision of this case."  Meek v. Metro. Dade Cnty., 908 F.2d 1540, 1549 (11th Cir. 1990).