[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14010

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CRAIG DUGGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cr-00014-TKW-1

_____

Before WILSON, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Craig Dugger appeals his sentence of 188 months' imprisonment for receipt of child pornography. He argues that the district court erred in imposing a five-level enhancement under U.S.S.G. § 2G2.2(b)(5) for a pattern of activity involving the sexual abuse or exploitation of a minor based upon a prior conviction that was unrelated to the charged conduct and occurred more than fifteen years ago.

Because Dugger raises this issue for the first time on appeal, we must determine whether the district court plainly erred by applying the pattern enhancement based on the commentary to § 2G2.2(b)(5), which allows prior conduct unrelated to the conviction offense to substantiate the enhancement. Dugger contends that the commentary is inconsistent with the text of the guidelines and that the definition of "pattern" in the commentary is invalid. We conclude that the defendant has not established plain error and therefore affirm his sentence.

I.    BACKGROUND

Dugger was convicted by guilty plea of one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). His offense carried a mandatory minimum sentence of 15 years because of a prior state conviction for lewd and lascivious conduct involving a minor. *See id.* § 2252(b)(1). A probation officer

prepared a final presentencing investigation report ("PSR") recommending a guideline range of 188-235 months' imprisonment based on an offense level of 35 and a criminal-history category of II. The offense level included, among other enhancements, the five-level pattern enhancement under § 2G2.2(b)(5). According to the PSR, in December 2004, Dugger solicited a minor for oral sex, and on a separate occasion, he asked the child if he (Dugger) could hold the child's penis. Dugger did not object to the pattern enhancement. At sentencing, the district court adopted the PSR's guideline range calculations and sentenced Dugger to 188 months in prison. Dugger now appeals.

## II.    STANDARD OF REVIEW

Ordinarily, we review legal questions about the interpretation of the guidelines *de novo*, factual findings for clear error, and the application of the guidelines to the facts with "due deference." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). But "objections made for the first time on appeal are reviewed only for plain error." *United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2020).

Here, we review for plain error because Dugger raises his sentencing challenge for the first time on appeal. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). Under plain-error review, we may correct an error when the defendant demonstrates (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *Id.*; *United States v. Olano*, 507 U.S. 725, 732 (1993). When the defendant establishes all three factors, we

may exercise our discretion to correct the error if it (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Henderson*, 409 F.3d at 1307*; Olano*, 507 U.S. at 732.

An error is plain when it is contrary to the applicable statute or rule. *See United States v. Lejarde Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). If the explicit language of a statute or rule does not resolve an issue, plain error lies only where Eleventh Circuit or Supreme Court precedent directly resolves it. *Id.* The error must be "clearly established and obvious." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015).

### III.    DISCUSSION

On appeal, Dugger argues that the district court plainly erred by imposing the five-level pattern enhancement under U.S.S.G. § 2G2.2(5) because the guideline commentary was invalid to the extent that it authorized consideration of activity unrelated to the offense of conviction. In his view, because the enhancement is labeled a "specific offense characteristic" under the guidelines, any application of it must be based on relevant conduct as defined in U.S.S.G. § 1B1.3. Dugger also asserts that the commentary defies the plain terms of the enhancement by defining a "pattern" too broadly, and that two instances of conduct against a single minor victim more than fifteen years ago do not establish a "pattern" under the term's ordinary meaning.

### A.  Interpretation of U.S.S.G. § 2G2.2(5)

When construing the meaning of the guidelines, "we begin with the language of the Guidelines, considering both the Guidelines and the commentary." *United States v. Cingari*, 952 F.3d 1301, 1308 (11th Cir. 2020). We have explained that "the guideline and the commentary must be read together," because the commentary may interpret a "guideline or explain how it is to be applied." *Id.* The commentary may at times require interpreting a guideline in a way that the guideline text alone does not compel. *Id.*; *Stinson v. United States*, 508 U.S. 36, 47 (1993).

The Sentencing Commission drafts the guidelines and the commentary interpreting them, "so we can presume" the guidelines' "commentary represent[s] the most accurate indications of how the Commission deems that the guidelines should be applied to be consistent with the Guidelines Manual as a whole as well as the authorizing statute." *Stinson*, 508 U.S. at 45. When interpreting a guideline, courts should "seek to harmonize" a guideline's text with its commentary. *Cingari*, 952 F.3d at 1308.

Commentary for a guideline is authoritative "unless is violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson*, 508 U.S. at 38.

The § 2G2.2 guideline provides the offense level for receipt of child pornography. Under the heading "specific offense characteristics," the guideline directs a five-level increase "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5).

The commentary to this section defines a "pattern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." U.S.S.G. § 2G2.2, cmt. n.1. The commentary also specifies that "[s]exual abuse or exploitation" does not include the receipt of child pornography. *Id.*

Ordinarily, specific offense characteristics must be based on conduct relevant to the offense of conviction, "[u]nless otherwise specified." U.S.S.G. § 1B1.3(a).[1] The background commentary to § 1B1.3(a) states that subsection (a) "establishes a rule of construction by specifying, in the absence of more explicit instructions in the context of a specific guideline, the range of conduct that is relevant to determining the applicable offense level." *Id.*, cmt. (backg'd).

---

[1] In relevant part, U.S.S.G. § 1B1.3(a) states,

Unless otherwise specified . . . special offense characteristics . . . shall be determined on the basis of . . . all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

21-14010              Opinion of the Court              7

We have considered the interpretation of the § 2G2.2(b)(5) pattern enhancement in several published cases.  In *United States v. Anderton*, we rejected an argument that the five-level increase was improper because the "activities supporting the enhancement were unrelated to the offense of conviction."  136 F.3d 747, 750–51 (11th Cir. 1998).  Relying on 1996 amendments to the commentary, we found that "the Sentencing Commission did not intend to limit the pattern of activity the court could consider to conduct related to the offense of conviction."  *Id.* at 751. Rather, we held that the 1996 amendments were issued to clarify that the "pattern" of abuse "may include acts of sexual abuse or exploitation that were not committed during the course of the offense or that did not result in a conviction."  *Id.* at 750.

Then, in *United States v. Turner*, based on an old conviction for unrelated conduct, we affirmed the application of the pattern enhancement to a defendant convicted of receiving child pornography.  626 F.3d 566, 572–73 (11th Cir. 2010).  Relying on § 2G2.2's commentary, we rejected the argument "that the 'pattern of activity' must be between the past sexual abuse and the current offense," noting that receipt of child pornography cannot be used to establish a pattern under the commentary.  *Id.* at 572.  And we found no "temporal limitation on unrelated conduct," explaining that, under the "plain terms of the commentary, the only requirements for establishing a 'pattern of activity' are two or more instances of sexual abuse or exploitation of a minor that are separate from one another."  *Id.* at 573.

Finally, in *United States v. McGarity*, we considered the "interplay" between § 2G2.2(b)(5) and § 1B1.3, the relevant conduct guideline. 669 F.3d 1218, 1259–60 (11th Cir. 2012). One defendant argued that his past sexual abuse of his daughter could not be considered "relevant conduct" under §1B1.3, but we found "no difficulty in reconciling" §1B1.3(a) and § 2G2.2(b)(5). *Id.* at 1259. We explained that explicit language in §1B1.3(a) "provides that relevant conduct is conduct relating to the offense of conviction 'unless otherwise specified'" *Id.* at 1260. And we concluded that clear language in the commentary "otherwise specified" by authorizing an increased offense level based on conduct unrelated to the offense of conviction. *Id.*

### B. Plain Error Analysis

Here, Dugger has not met his heavy burden of showing that the district court plainly erred in applying § 2G2.2(b)(5)'s pattern enhancement in this case. To obtain relief on plain-error review, the alleged error "must be so clearly established and obvious that it should not have been permitted" by the court in the first place. *Hesser*, 800 F.3d at 1325; *Kushmaul*, 984 F. 3d at 1363. No error of that sort occurred here.

Dugger has not identified any Supreme Court or Eleventh Circuit precedent that would establish that the district court erred in its interpretation of § 2G2.2(b)(5). *Lejarde Rada*, 319 F.3d at 1291. On the contrary, we have repeatedly held that conduct unrelated to the offense of conviction, including conduct that occurred in the distant past, can constitute a "pattern of activity"

under § 2G2.2(b)(5).  *McGarity*, 669 F.3d at 1259; *Turner*, 626 F.3d at 571–73; *Anderton*, 136 F.3d at 750-51.  And the district court applied the pattern enhancement in Dugger's case consistently with how we have construed the guidelines and commentary.

Nor are we persuaded that the plain language of § 2G2.2(b)(5) prevents its application here.  According to § 1B1.3, "specific offense characteristics" are based on relevant conduct "unless otherwise specified."  *See* U.S.S.G. § 1B1.3.  The text of § 2G2.2(b)(5) itself does not limit its application to conduct arising from "the offense," unlike other nearby enhancements.  *See, e.g.,* U.S.S.G. § 2G2.2(b)(1) (referring to "the defendant's conduct"), (b)(2) (referring to "the material" and what it "involved"), (b)(3)(A), (C), (D), (E) & (b)(4), (6), & (7) (referring to "the offense").  And in *McGarity*, we held that the commentary to § 2G2.2 "otherwise specified" by permitting the pattern enhancement to be based on prior conduct without any connection to the offense of conviction.  669 F.3d at 1260.  In other words, the commentary provides "more explicit instructions in the *context* of a specific guideline."  U.S.S.G. § 1B1.3, cmt. (backg'd) (emphasis added).  And we cannot say that the commentary necessarily contradicts the text of the guideline itself.

Dugger's contention that the commentary's definition of "pattern" is inconsistent with the ordinary meaning of the word also fails.  In *Burke*, we explained that guideline language "must be given its plain and ordinary meaning."  *United States v. Burke*, 863 F.3d 1355, 1358 (11th Cir. 2017).  A "pattern" is "[a] mode of

behavior or series of acts that are recognizably consistent." Black's Law Dictionary (11th Ed. 2019). The commentary's definition of "pattern of activity"—as two or more separate instances of certain conduct involving minors—is not inconsistent with that term's ordinary meaning as used in the guidelines. *See, e.g.*, *United States v. Fox*, 926 F.3d 1275, 1280 (11th Cir. 2019) (noting that Congress has defined a "pattern of activity" for a similar enhancement under U.S.S.G. § 4B1.5(b) as certain conduct committed "on at least two separate occasions"). Like the defendants in *McGarity* and *Turner*, Dugger engaged in a series of acts that are recognizably consistent. *McGarity*, 669 F.3d at 1259-60; *Turner*, 626 F.3d at 572. Nothing in the guidelines or the commentary requires that the "pattern" include the offense of conviction. *See Turner*, 626 F.3d at 572 ("Turner's argument that the 'pattern of activity' must be between the past sexual abuse and the current offense lacks merit.").

Finally, Dugger's remaining arguments fall flat. He relies on the Supreme Court's recent decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), which concerned deference to federal administrative agencies, but that case did not purport to overrule *Stinson*, nor did it directly address the interpretation of the guidelines or its commentary. So *Kisor* does not establish plain error in this case, even if it may ultimately call for a less deferential approach to guidelines commentary. *See, e.g.*, *Cingari*, 952 F.3d at 1308 (applying ordinary *Stinson* principles post-*Kisor*). Dugger also argues that, in *United States v. Chapman*, 60 F.3d 894, 896 (1st Cir. 1995), the First Circuit adopted his interpretation by holding the commentary

contradicts § 2G2.2(b)(5).  But we are not bound by *Chapman*, and in any case, the First Circuit decided it under the outdated 1995 version of the commentary.

Because neither the plain language of the guideline nor any controlling precedent makes it clear or obvious that the district court erred in basing the § 2G2.2(b)(5) pattern enhancement on two separate instances of conduct unrelated to the offense of conviction, Dugger cannot show plain error.  *Hesser*, 800 F.3d at 1325; *Kushmaul*, 984 F.3d at 1363.

## IV.    CONCLUSION

Dugger failed to meet his burden of showing that the district court plainly erred by applying the five-level enhancement in § 2G2.2(b)(2) because it is not clear from the plain language of the guidelines that the commentary to § 2G2.2(b)(2) is inconsistent with the guidelines text and thus invalid.  Nor has Dugger pointed to any on-point, binding precedent establishing that the district court erred in applying the enhancement.  For these reasons, we affirm his sentence.

**AFFIRMED.**